## ROGERS *v.* BOLLINGER.

### Opinion delivered March 31, 1894.

*Conveyance of land bounded on alley—Covenant.*

> If land in a city be conveyed as bounded at the rear end upon "an alley four feet wide," this is not merely a description, but is also an implied covenant, binding upon the grantor and those claiming under him, that there is such an alley.

Appeal from Sebastian Circuit Court in Chancery, Fort Smith District.

EDGAR E. BRYANT, Judge.

*Clayton, Brizzolara & Forrester* for appellants.

1. If the easement existed, it was not appurtenant, but a mere right of way in gross, a mere personal privilege, which dies with the grantee, and cannot be exercised after the donor has parted with his title to the land upon which the alley is situated. Washb. Easements, etc. (4th ed.), 58, note 2; 14 L. R. An. 333, and note; 21 Am. St. Rep. 652; 9 Am. Dec. 161; 23 *id.* 440; 7 *id.* 188; 144 Mass. 371; 23 Oh. St. 614; 54 Me. 276; 80 Am. Dec. 748; 2 Wait, Ac. & Def. 676. No easement in one parcel can be said to be appurtenant to another by reason of any use made of the two. Washb. Easements, 64, 85 and 86. In this case the easement was not one of necessity. The principal estate fronted on a public street, and was therefore accessible. *Ib.* 86. See also 68 N. Y. 62, 70; 11 Allen (Mass.), 388; Elph. on Int. Deeds, 192–3, note 50; 89 Am. Dec. 748 and note; 74 *id.* 400; 64 *id.* 747; 144 Mass. 371. A mere reference in a deed to an intended way, without an express grant, will not pass such way. 19 Am. & Eng. Enc. Law, 100, note 3; 9 Am. Dec. 161; 5 *id.* 1; 19 N. J. Eq. 471.

2. Appellant had no notice of the way, or the claim. 55 N. Y. 275; 21 *id.* 505. Appellant was an innocent

purchaser. 2 Washb. Real Prop. (5th ed.), 395, note 3; 16 Wend. 531; Pom. Eq. Jur. vol. 2, sec. 738 and notes, and sec. 739; 1 Story, Eq. Jur. sec. 63; 2 Pom. Eq. Jur. sec. 611.

3. The easement was lost by non-user and adverse possession. 51 Md. 407; 48 N. Y. 446; 22 S. C. 541; 128 Mass, 492; 140 *id.* 254; 16 Wend. 531; 8 Barb. (N. Y.), 153; 27 Tex. 304; Washb. Easements, etc. (3d ed.), 661.

4. The court erred in its finding of facts. 24 Ark. 40.

*Clendening, Mechem & Youmans* for appellees.

1. The way claimed is appurtenant, and established by express grant, and the grantor and those claiming under him are estopped to deny the existence of the easement. The deed, when recorded, is notice to the world, and is an express warranty that such an alley exists. 2 Herm. Estoppel, sec. 615; 2 Devlin, Deeds, sec. 1027; Washb. Easements & Serv. (3d ed.), 240; 17 Mass. 413; 2 Gray, 271; 7 *id.* 83; 119 Mass. 404; 1 Md. 525; 5 *id.* 321; 45 *id.* 525; 52 *id.* 251; 8 Wend. 85; 18 Mich. 56.

2. There was no such open, visible, hostile possession by Johnson, or those claiming under him, as to extinguish the easement. The burden is on appellant, and it fails to sustain the claim of abandonment or loss by non-user.

3. The doctrine of *bona fide* purchaser has no application here. The record of the grant was notice. 2 Pom. Eq. Jur. sec. 626, etc.

HUGHES, J. R. M. Johnson, on June 7, 1856, (being the owner of lot 1, block 8, in the city of Fort Smith, situated at corner of Garrison avenue and Ozark or first street, fronting seventy feet on Garrison avenue, and running back on Ozark street 100 feet, abutting at the

rear end on lot 3 of said block 8,) by warranty deed conveyed to the father of appellees twenty-three and one-half feet of said lot fronting on Garrison avenue, and running back ninety-six feet to "an alley four feet wide, leading to Ozark street." This is the description shown to have been in the deed, so far as relates to the alley. The deed was filed for record, but the record and deed were destroyed by fire, and its contents were proved by parol.

On the 3d of October, 1885, R. M. Johnson conveyed by deed to appellant an unsold portion of said lot one, fronting on Garrison avenue and Ozark street, and between the lot previously sold to appellees' ancestor and Ozark street, and described it as extending back 100 feet, saying nothing about an alley. This extent took in and included the four foot alley in rear of the lot. The proof shows that Bollinger and his heirs used this alley as a passage way from the rear of his store-house, on the part of the lot he purchased, to Ozark street; and there is some controversy as to whether they had abandoned it, and were barred by lapse of time from claiming the right to use it, before this suit was brought, which is a suit in equity to perpetually enjoin the maintaining over said alley a small brick house erected by the appellant over said alley, after her purchase, against repeated objections and protestations of appellees, and warning given by them to appellant or her agent (her husband) that appellees claimed the right to use and would insist upon having said alley kept open.

Upon the evidence, the court granted a perpetual injunction, and ordered the removal of the structure from over the alley. This appeal is taken to reverse that decree.

The conveyance by Johnson to the appellee's ancestor describing the lot sold by him as bounded at the rear end upon "an alley four feet wide leading to Ozark

street," estops the grantor, and those claiming under him with notice of the conveyance, from shutting it up, so as to prevent his grantee making use of the alley for his own accommodation in the enjoyment of his purchase. *Smith* v. *Lock*, 18 Mich. 59. This was not merely a description, but an implied covenant that there was such an alley. *Parker* v. *Smith*, 17 Mass. 413; *Livingston* v. *Mayor*, 8 Wend. 85; *Thomas* v. *Poole*, 7 Gray, 83; 2 Herman on Estoppel, sec. 615; Washburn, Easements and Servitudes, p. 155; *Tufts* v. *Charlestown*, 2 Gray, 271; 2 Devlin on Deeds, sec. 1027. This covenant is binding upon the grantor, and subsequent purchasers with notice of the conveyance. There was notice by the record of the deed.

The proof was conflicting as to the abandonment of the alley by the appellees, and perhaps pretty nearly balanced. We are pursuaded that the chancellor was correct as to this.

The decree is affirmed.