CONGREGATION BETH ISRAEL *vs.* JACOB S. HELLER.

Suffolk.    November 21, December 4, 1918. — January 2, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Way*, Private. *Trespass.   Equity Jurisdiction*, To enjoin trespass, Mandatory injunction.

The owner of the fee of land used as a private way, which he holds under a deed providing that the way is to be forever used as a passageway by him in common with owners and occupants of the land abutting thereon, may maintain a suit in equity against another owner of land abutting on the way, whose deed provides that he shall have "a free and uninterrupted right, use and privilege in" the way, and who has made an excavation in the way and has constructed a bulkhead there, such acts of the defendant being without excuse; and in such suit a mandatory injunction may be issued directing the defendant to restore the way to the condition in which it was before he committed the trespass.

The maintenance of such a suit is not precluded by the mere facts that other abutting owners placed in the way coal holes with covers and gratings for lighting cellars, nor by the fact, if it is a fact, that the defendant had a right to lay water pipes in the way.

The owner of an easement in land is entitled to a mandatory injunction compelling the removal of structures that violate his right, although he has suffered no pecuniary damage.

BILL IN EQUITY, filed in the Superior Court on November 16, 1917, and afterwards amended, for a mandatory injunction restraining the defendant from making an excavation in Baldwin

Place in Boston, the fee to which was owned by the plaintiff subject to a right in the defendant to "a free and uninterrupted, right, use and privilege" therein.

The suit was referred to a master, who found the facts described in the opinion. After a hearing by *Wait*, J., a decree was entered granting the injunction prayed for. The defendant appealed.

*J. F. Warren & H. A. Palmer*, for the defendant, submitted a brief.

*N. A. Heller*, for the plaintiff.

RUGG, C. J. The findings of fact made by the master must be accepted, since the evidence is not reported.

The plaintiff at and before the acts complained of was the owner of the fee of a private way in Boston known as Baldwin Place, together with a tract of land abutting thereon, on which was located its synagogue. It was provided by deed that Baldwin Place is to be forever used as a passageway by 'the plaintiff in common with owners and occupants of other land abutting thereon. On each side throughout its length the plaintiff, about ten years ago, constructed a smooth granolithic sidewalk six feet wide. These walks are much used by those who gather at the plaintiff's synagogue. The defendant is the owner of a tract of land with building thereon, abutting partly on Baldwin Place, and as appurtenant to his estate has by deed "a free and uninterrupted right, use and privilege in" Baldwin Place. For the purpose of providing an entrance to the basement of his building, the defendant made an excavation and constructed a bulkhead in the sidewalk on Baldwin Place. It is to prevent the maintenance of this bulkhead and to compel restoration of Baldwin Place to its former state that this suit is brought.

There is no excuse on this record for the acts of the defendant. He had no title to the fee of Baldwin Place. He had only a bare easement to use it as a passageway. He had no justification whatever for interference with rights of the owner of the fee by excavating or maintaining a bulkhead to be used in connection with his basement. The facts that in Baldwin Place there are coal holes with covers, that four or five houses have flights of two or three wooden steps, all within the property lines, leading to passageways to back yards, and that there are several instances where cellar windows are lighted from gratings in the sidewalk, afford

no warrant for the conduct of the defendant. The circumstances under which these were constructed and maintained do not appear. Even if it be assumed in favor of the defendant, but without so deciding, that he has a right to lay water pipes in Baldwin Place, that confers no pretext for the construction or maintenance of a bulkhead. The conduct of the defendant was a pure trespass without an extenuating feature.

It is of no consequence that the acts of the defendant have caused no pecuniary damage to the plaintiff. His conduct is an invasion of its title to real estate, and that is enough to enable it to secure relief by mandatory injunction for removal of his constructions under well recognized principles. The case is within the authority of numerous decisions. *Harrington* v. *McCarthy*, 169 Mass. 492. *Curtis Manuf. Co.* v. *Spencer Wire Co.* 203 Mass. 448. *Kershishian* v. *Johnson*, 210 Mass. 135. *Szathmary* v. *Boston & Albany Railroad*, 214 Mass. 42. *Zimmerman* v. *Finkelstein*, 230 Mass. 17.

*Decree affirmed with costs.*