MARGARET P. CROSBY & another *vs.* MAURICE V. BLOMERTH, trustee.

Middlesex.     November 17, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Equity Jurisdiction*, Laches, To enjoin continuing trespass.

In a suit in equity between adjoining landowners, it appeared that the defendant had built over the boundary line so that his foundation encroached on the plaintiff's land five hundred square inches, a total land value of forty-five cents, and that the encroachment by the eaves amounted to forty-eight square feet with a land value of $6.10; that it would cost $1,900 to move the defendant's building from the plaintiff's land; that the plaintiff knew in August, about eleven months before the bringing of the suit, that the defendant contemplated erecting a house; that the cellar wall and foundation and a rough first floor then were built and the structure left in that condition until March; that the plaintiff then "had reason to believe that the cellar wall was built exactly on the line," and "that the defendant did not use the necessary care in laying out his foundation so as to avoid building on the land of the plaintiffs." *Held*, that

(1) A finding that the plaintiff was guilty of laches barring the suit was not required as a matter of law;

(2) The mere fact that the pecuniary damage to the plaintiff was not severe or substantial did not make inequitable a final decree requiring the defendant to move the building from the plaintiff's land and also to remove the overhanging eaves.

BILL IN EQUITY, filed in the Superior Court on July 3, 1925, to enjoin the defendant from maintaining a building "on the plaintiffs' land or within six feet from the boundary line between the land of the plaintiffs and the defendant."

In the Superior Court, the suit was referred to a master. Material facts found by him and stated in a report and a supplemental report are stated in the opinion. The suit was heard upon the pleadings and the master's report by *McLaughlin*, J., and by his order there were entered interlocutory decrees confirming the master's report and a final decree "that the defendant shall within ninety days remove that part of the building erected by him which encroaches on the plaintiffs' land, to wit, that portion of the foundation wall of the defendant's building covering a strip of the plaintiffs' land, twenty-four feet in length, twelve one-hundredths of a foot in width in the front and seventeen one-hundredths of a foot in the rear, in all an area of five hundred and one square inches; and defendant shall remove also that part of the eaves of said building which overhang the plaintiffs' land, being twenty-four feet in length and two feet in width, covering an area of forty-eight square feet."

The defendant appealed.

*W. W. Stover, E. L. Sweetser, & W. P. Lombard,* for the defendant, submitted a brief.

*M. R. Flynn,* for the plaintiffs.

PIERCE, J. This is an appeal from a final decree which ordered the defendant to remove that part of his building which a master, to whom the suit had been referred, found encroached upon and overhung the plaintiff's land. No appeal was taken from the interlocutory decree overruling exceptions and confirming the master's report.

The issue which the appeal presents, as stated in the brief of the defendant, is as follows: "The defendant objected

to that part of the master's report which states there was 'no evidence sufficient to maintain any allegation of laches on the part of the plaintiffs but that they acted in good faith based on such knowledge as they had or as they could have been reasonably expected to have had' contending this was a finding of law contrary to and inconsistent with the other findings of fact in his report, and particularly those showing the plaintiffs occupied the adjoining house, observed the progress of the defendant's building, took no steps seasonably to determine whether or not his building was encroaching on their property or to inform the defendant that his building did so encroach, and did not seasonably assert their intention or purpose of making him remove the encroachment either by the filing of a bill of complaint or by any other means. The defendant appealed from the final decree for substantially the same reasons, and further claims the findings of fact made by the master are mutually inconsistent, contradictory, and wrong."

The facts found by the master, succinctly stated, in substance, are as follows: By deed, dated March 18, 1924, the plaintiffs purchased of the defendant the lot of land, described in the bill, located in what was a sparsely settled section of Medford near what is known as the Middlesex Fells reservation. All about the plaintiffs' land there is a development in process by the defendant and substantially all of the buildings have been erected recently and all the streets mentioned in the bill of complaint are unaccepted streets, as are most of the streets in the vicinity. The defendant owned a small parcel of land adjoining the parcel of land purchased by the plaintiffs of the defendant. Both prior to the purchase of the land by the plaintiffs and the erection of the foundation of the house by the defendant, hereinafter referred to, a considerable portion of the plaintiffs' land adjoining that of the defendant was wet and swampy and, in order to make it available for ordinary purposes, it was necessary to fill a portion of said land to a distance of approximately four or five feet from the line of the lot to a depth varying at its greatest depth in the neighborhood of four or five feet. A brook ran through the

premises of the plaintiffs and of the defendant approximately near the boundary line. It affected the land of the defendant for a distance of forty-five feet and the land of the plaintiffs four or five feet, and the land would be materially benefited by filling in. During or subsequent to the construction of the foundation of his new house, the defendant did certain filling on the land of the plaintiffs immediately adjoining the east side of the defendant's foundation wall. The encroachment took place along the boundary line between the two lots where there had been a brook and the land had been wet and swampy. A right of way existed parallel to the boundary line of the two lots and contiguous streets.

The master found that the defendant, in August, 1924, began the construction of the building complained of by building the cellar of concrete blocks; that the foundation was completed within a few weeks, and that thereupon the defendant put on a rough first floor and covered it with tar paper; that the structure remained in this condition without anything further being done to it until the following March, at which time the defendant began to construct the rest of the building, to wit: the superstructure. The building was completed on or about July 1, 1925, with the exception of a small amount of painting, and the putting in of one or two risers, so called, in the heating plant.

The master further found that the foundation is built upon the land of the plaintiffs twelve one hundredths of a foot at the front of the building and seventeen one hundredths of a foot at the rear; and that the overhang of the building encroaches on the land of the plaintiffs about two feet; that the plaintiffs knew of the contemplated erection of a house by the defendant in August, 1924, "but had reason to believe that the cellar wall was built exactly on the line"; and "that the defendant did not use the necessary care in laying out his foundation so as to avoid building on the land of the plaintiffs."

On April 4, 1925, the plaintiffs caused a survey of the land in question to be made. It disclosed the encroachment of the cellar wall on the premises of the plaintiffs. The matter

was then called to the attention of the defendant's agent and, no adjustment having been arrived at, this bill was brought on July 3, 1925.

The master found that the value of the house erected by the defendant is $7,500 and that it would cost $1,900 to move it, as prayed for; that the assessed value of the plaintiffs' land and the building thereon is $7,000, and the building is located about fifty feet from where the defendant's building has been erected. He finds, by agreement of parties, that the foundation encroaches on the land of the plaintiffs to the extent of five hundred square inches, a total land value of forty-five cents, and that the eaves' encroachment amounts to forty-eight square feet with a land value of $6.10.

On these facts there is absolutely nothing in the defence of unreasonable delay and laches. Although the plaintiffs lived within fifty feet of the building and daily observed the progress being made they "had reason to believe that the cellar wall was built exactly on the line." They owed the defendant no duty to make an investigation which the defendant did not care to make for himself to ascertain whether or not he was trespassing on their premises. The filing of this suit within three months after they had actual knowledge of the wrong was not an unreasonable delay, in consideration of the fact that the agent of the defendant on the day the surveyor made his report to the plaintiffs had like knowledge of the result of the survey and took no action thereon. The finding by the master "that the defendant did not use the necessary care . . . to avoid building on the land of the plaintiffs" does not impute that the defendant exercised ordinary care to ascertain the location of the boundary line, and it does carry with it a suggestion and inference that he went ahead regardless of the exact location of that line — trusting perhaps to his general knowledge of the boundaries of that lot, as of all others embraced within the defendant's scheme of land development in Medford.

The final contention of the defendant is, that the decree is inequitable because the injury to the plaintiffs is not serious or substantial and may be readily compensated in

damages, while to restore things as they were before the act complained of would subject the defendant to great inconvenience and loss. The fact that the pecuniary damage in land value is not serious or substantial is of no consequence. *Congregation Beth Israel* v. *Heller,* 231 Mass. 527, 529. The walls of the cellar and the overhanging eaves constituted a continuing trespass and nuisance upon the adjoining premises of the plaintiff. In the circumstances of the case to compel the defendant to restore things to their former condition is not inequitable or oppressive. *Marcus* v. *Brody,* 254 Mass. 152. *Congregation Beth Israel* v. *Heller, supra. Curtis Manuf. Co.* v. *Spencer Wire Co.* 203 Mass. 448.

*Decree affirmed with costs.*