REEVES *v.* JACKSON.

4-7485 184 S. W. 2d 256

Opinion delivered December 18, 1944.

*Cunningham & Cunningham,* for appellant.

*Smith & Judkins* and *W. M. Ponder,* for appellee.

McFADDIN, J. This appeal involves a boundary line dispute. Appellants (plaintiffs below) own the northwest quarter of the northwest quarter of section 19. Appellee (defendant below) owns the southwest quarter of the southwest quarter of section 18. These are adjoining 40-acre tracts, with appellee's land lying to the north. Appellants filed suit in ejectment, claiming that appellee had fenced and appropriated 5.54 acres of appellants' land south of the true boundary (the section line). Appellee claimed that the land in controversy was north of the section line. The case was tried to a jury, and the issue was the location of the section line. From an adverse verdict and judgment, there is this appeal presenting the questions herein discussed.

I. *Admissibility of the Private Survey by Baltz and Ponder.* Appellants had the testimony of the county surveyor and two others to support their contention about the location of the section line. Appellee offered a private survey made by the witnesses, Baltz and Ponder, without any notice to appellants. The trial court admitted the Baltz-Ponder survey, and appellants claim that this was error, citing § 2418 of Pope's Digest (which was also § 1182 of Mansfield's Digest) reading:

*"Surveys as evidence.* No survey made by any person except the county surveyor or his deputy shall be considered as legal evidence in any court of law or equity, unless such surveys are made under authority of the United States, or by the mutual consent of the parties."

This court has ruled adversely to the appellants' contention. In the case of *Smith* v. *Leach,* 44 Ark. 287, it was held that a county surveyor's record of the survey made by him is only *prima facie* evidence of the correctness of the survey, and parol evidence of other surveys is admissible. To the same effect, see *Jeffries* v. *Hargis,* 50 Ark. 65, 6 S. W. 328; *Russell* v. *State,* 97 Ark. 92, 133 S. W. 188; *Buffalo Zinc & Copper Co.* v. *McCarty,* 125 Ark. 582, 189 S. W. 355; *Sherrin* v. *Coffman,* 143 Ark. 8, 219 S. W. 348. Since the private survey made by Baltz and Ponder was admissible, then the map made by Ponder, showing that survey, was likewise admissible, as it was identified by the witness who made it. We, therefore, hold that the trial court was correct in admitting the Baltz-Ponder survey and map.

II. *Taking the Ponder Map into the Jury Room.* Appellants next complain that there was error in allowing the map to be taken into the jury room for deliberation. The answer to this contention is that the bill of exceptions fails to show either (1) that the map was taken into the jury room, or (2) that appellants made any objection to such procedure at the time the jury retired. In the absence of any recital about this in the bill of exceptions, we consider this point as not properly presented on appeal.

III. *Assignments Concerning the Evidence.* There are two of these assignments:

(a) In the course of the testimony the witness, Baltz, in detailing how he ran his survey, told of beginning at the admitted corner and running west; and the witness said:

"I came out a few links north of the corner set there supposedly by John L. Frye."

It is claimed that the quoted language was inadmissible as hearsay under the rule of *Mason* v. *Mason,* 167 Ark. 304, 267 S. W. 772. Only a general objection was offered by appellants to the full recitals by Baltz, of which the quotation is merely a part. We think the general objection was insufficient. But, even so, a full read-

ing of the entire testimony of Baltz shows that he was merely detailing the way he made his survey, and was not attempting to show by hearsay that a former survey had been made by John L. Frye. The evidence is not reasonably susceptible of the construction now urged by the appellants.

(b) In the course of the trial, appellee, Jackson, testified about a road leading to Walnut Ridge, and also about the line between Jackson and Sloan (another landowner to the west). This testimony was offered by appellant to show that the Baltz-Ponder line coincided with fence lines and roads. We cannot see how it was erroneous to admit such evidence under the limitations stated by the trial court. The issue submitted to the jury was which survey line was correct: that is, the Baltz-Ponder line relied on by appellee or the Scarlett line relied on by appellant. The jury verdict settled the disputed question in favor of the Baltz-Ponder line; and we find no error regarding that line.

IV. *Verdict Contrary to the Evidence.* Appellant contends that the verdict, in part at least, is contrary to the evidence to this extent: the Surveyor Baltz (appellee's witness) said that appellee had under fence a triangular strip which was south of the true line as fixed by Baltz. He said:

". . . and going over my line, going east, my line cut off something like eight or ten rows of cotton. I would say ten rows would catch it. As you go west it landed right at the fence. . . . Q. In other words, then, that land that Mr. Jackson has in cotton has cut a little off of Mr. Reeves' land, is that right? A. Yes, it is a little bit wider here, and it runs to a point."

And appellee's witness, Ponder, said of appellee's fence:

". . . the end of that little fence dropped down about ten or fifteen cotton rows, I believe, south of that line."

And appellee's witness, Statton, said:

". . . The strip is a little wider on the east end of the field . . . there are about twelve or fifteen rows at the . . . east end . . . and where it (the line) came out on this side, it came out about the fence."

From this evidence we understand that, after giving full force and effect to the Baltz-Ponder survey—as the jury evidently did—there is still a triangular strip, twelve cotton rows wide north and south at the east end, and running westerly ten chains and ninety-five links to a point, which triangular strip was clearly shown by appellee's own witnesses to be south of the Baltz-Ponder line, and therefore a part of the land owned by appellants.

This seems to have been overlooked by appellee, but still the fact remains that under the testimony of appellee's own witnesses, there was a small triangular strip of land south of the line claimed by appellee (and found correct by the jury), which tract belongs to appellants, but is within appellee's enclosure. This tract cannot be ignored under the doctrine of *de minimis non curat lex* (the law takes no notice of trifles), because the doctrine of *de minimis* does not apply to the invasion of the property of another. In 26 R. C. L. 762, it is stated:

"The maxim *de minimis non curat lex* is never applied to the positive and wrongful invasion of another's property. The right to maintain an action for the value of property, however small, of which the owner is wrongfully deprived, is never denied. A trespass upon lands is actionable, although the damage to the owner is inappreciable." See, also, annotation of "*de minimis*" in 44 A. L. R. 168.

So we must hold that appellants are entitled to recover this small triangular strip of land south of the Baltz-Ponder line and within appellee's inclosure; and to that extent, the judgment of the lower court is reversed. This reversal, however, does not necessitate a new trial

on the whole case, but only for the lower court to ascertain and describe the triangular strip, and to award same to appellants, together with the rent thereof. In all other respects, we affirm the judgment of the circuit court involved in this appeal. Appellants will recover the costs of this court.