HAMILTON v. SMITH.

4-8429                                    208 S. W. 2d 425

Opinion delivered February 16, 1948.

894

*Bob Bailey, Jr.,* and *Bob Bailey,* for appellant.

*C. C. Wait,* for appellee.

ROBINS, J. The chancery court denied appellant's prayer for an injunction to prevent appellees from continuing to construct a dwelling house on a rectangular tract sixty feet in width and two hundred forty feet long, situated west of Block 5 of McClure and Bayliss' Addition to the City of Russellville, and the court also refused to require appellees to remove the building, which was forty per cent complete when the suit was filed. In the decree, however, the lower court held that appellant was "entitled to such damage to his property which he may be able to sustain by proof" by reason of appellees' interference with appellant's easement over the said tract.

Appellant asks us to reverse that portion of the decree by which his prayer for injunction was denied.

Appellees have cross-appealed against that part of the decree which might be construed as a finding that appellees are liable in damages to appellant. There was no prayer in appellant's complaint for such damages

and no proof relating to the amount thereof. All parties have treated the decree below as final, apparently assuming that the decree contemplated establishment of amount of appellant's damages in a separate proceeding.

It is the contention of appellant, owner of land adjoining on each side the tract upon which appellees were constructing the house, that this tract had been dedicated as a street in the plat of the addition of which it was a part, and that the dedication was also shown by a deed executed by L. B. McClure and John A. Bayliss, the owners at that time, to appellant. Appellee, W. L. Smith, asserted title by virtue of a later deed executed by McClure to said appellee.

The land involved in this litigation is situated in the western part of Russellville on the north side of Main Street, which runs almost east and west, its exact course being north 71 degrees west.

This property was formerly owned by L. B. McClure and John A. Bayliss, who laid it off into an addition designated as "McClure & Bayliss' Addition." In this addition were located eight full-sized blocks of twelve lots each, with two fractional blocks at the east end of the addition. Four of the full blocks and one fractional block abutted on the north side of Main Street and a like number on the south side. Block No. 5 was in the northwest corner of this addition, and the southwest corner of this block was 112 feet along the north side of Main Street from the quarter section line which formed the western boundary of the addition. The northwest corner of this Block 5 was (on line parallel with Main Street) 194 feet east of this quarter section line, the difference in distance growing out of the fact that the addition was laid out in conformity with the lines of Main Street, which did not run exactly east and west.

On the plat of the addition, filed by McClure and Bayliss, the tract involved herein, 60 feet wide and 240 feet long, is not designated as a street, but it is apparently the width of the north and south streets in the

addition. This area, on the plat, is shown with north and south boundary lines, as well as east and west lines. Other spaces shown as streets bear names, and do not have any north and south boundary lines to enclose them.

Immediately west of the tract in dispute here, the remainder of the land in the addition north of Main Street forms a trapezoid, the east line of which is 240 feet long, the north line 134 feet, the west line 254 feet, and the south line (along the north side of Main Street) 52 feet.

Block 5 and this irregular tract were conveyed to appellant by McClure & Bayliss on November 18, 1922, by deed containing, after the description of the property, this clause (which is the basis for appellant's claim of easement), to-wit: "Leaving a street sixty feet wide between Block Five of the McClure & Bayliss Addition to the City of Russellville, Ark., and the last described tract herein conveyed."

On September 22, 1945, McClure sold and conveyed to appellee, W. L. Smith, certain unplatted land lying immediately north of the McClure & Bayliss Addition; and on November 8, 1945, McClure, for an expressed consideration of $1.00, conveyed, by metes and bounds, to said appellee the rectangular tract 60 feet wide by 240 feet long, in controversy here.

McClure testified that, since he had sold to said appellee the unplatted land lying north of the addition he (McClure) no longer needed the sixty-foot strip which he had reserved in his deed to appellant for an outlet to his acreage north of the addition, and, assuming that Smith wanted to use it only for this purpose, he conveyed it to him without requiring any payment therefor. Smith did not agree to this version of the matter, saying that McClure let him have the tract in controversy for a nominal consideration because he had already paid a large sum to McClure for the acreage lying to the north.

After acquiring deed to the sixty-foot rectangle said appellee made an effort to purchase from appellant the trapezoid west of this rectangle, but appellant refused to sell.

According to appellant's testimony construction of the dwelling house on the disputed tract was begun on, or about, June 2, 1947. This suit to restrain further work on the building, a one-story dwelling of modern and substantial construction, the walls being of concrete blocks on foundation of the same material, was filed by appellant on August 13, 1947. The outside walls and the roof had been finished at that time; and there was testimony to the effect that it would be impracticable to move the house. On the same day appellant served on appellees notice that application for temporary restraining order would be made on August 15, 1947. This application seems not to have been presented, and the trial was not had until September 2, 1947.

There is a conflict in the testimony of the parties as to whether appellee Smith, at the time he began building, was warned by appellant that the tract on which he started construction was a street. But in the view we take of the matter this conflict is unimportant. While the plat filed by McClure and Bayliss did not reflect a dedication of the area as a street (and Mr. McClure testified that he never formally made such a dedication), the deed from McClure and Bayliss to appellant, showing that the disputed tract was to be a street, was sufficient to vest in appellant an easement over this rectangle; and appellant's deed had been recorded long before appellees acquired any rights in the premises. Appellees therefore had record notice of appellant's easement.

Nor could this easement of appellant be revoked by McClure's action in afterwards conveying the rectangle to appellee Smith. The rule is well settled that, where a landowner conveys property to another and in the conveyance provides for an easement for the grantee, this amounts to an irrevocable dedication and the grantee

may enforce his right to such easement, regardless of any attempted conveyance thereof by the grantor. *Rogers v. Bollinger*, 59 Ark. 12, 26 S. W. 12; *Talbert v. Mason*, 136 Ia. 373, 113 N. W. 918, 14 L. R. A., N. S. 878, 125 Am. St. Rep. 259.

The lower court denied appellant's prayer for injunction solely on the ground that appellant was estopped by his delay in seeking relief. This holding presents the basic question for decision herein.

One of the cardinal principles of equity, often applied by the courts, is that equity will lend its aid only to those who are vigilant in asserting their rights. *Sims v. Petree*, 206 Ark. 1023, 178 S. W. 2d 1016. This principle is especially applicable where, as here, the suitor has sought to invoke a drastic remedy such as injunction, and it has often been held to bar one who waits until another party has expended a considerable sum in erecting a structure, complained of as an interference with an easement, before asking an injunction against the completion and maintenance of such structure. "A party seeking equitable relief against interference with an easement must be prompt in doing so." 28 C. J. S. 799.

We think the supreme court of Illinois, in the case of *Carstens v. City of Wood River*, 344 Ill. 319, 176 N. E. 266, correctly stated the rule thus: "One who seeks equitable relief against interference with an easement must act with reasonable promptness after learning of the proposed violation of his rights, and cannot stand idly by and permit the structures complained of to be completed at large cost without objecting. Equity, in all cases where a mandatory injunction is sought, will strictly require that the application for relief be promptly made, and a failure to assert such right, without sufficient excuse therefor, until after large expenditure of moneys, operates as a bar to relief in a court of equity."

The undisputed testimony shows that, after appellees began constructing the dwelling, appellant waited

three months, and until appellees had expended approximately $2,000 in the construction work, before seeking equitable redress. The lower court properly held that by his inaction he was estopped.

While the language of the lower court's decree might be susceptible of such a construction, we do not think that the lower court meant to decree that appellant was entitled to damages and that appellant should be remitted to a court of law to establish the amount of such damages; but, in reality, the lower court's holding was that the decree denying appellant's prayer for injunction should not bar an action by appellant for any damages that he might be able to show he was entitled to recover against appellees; nor was there any adjudication as to how much of the rectangular tract has been closed to appellant's use. The essence of the lower court's ruling was that appellant had, by failing seasonably to institute his suit, lost his right to require removal of the dwelling house. We treat the decree of the lower court as adjudicating this one question and nothing more. When the decree is thus interpreted, it is apparent that appellees are not entitled to any relief here on their cross-appeal.

The decree of the lower court is therefore affirmed, both on direct and cross-appeal.