LEFFINGWELL *v.* GLENDENNING.

4-9466                                       238 S. W. 2d 942

Opinion delivered April 16, 1951.

Rehearing denied May 21, 1951.

*Josh McHughes,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

GRIFFIN SMITH, Chief Justice. Appellant and appellees are adjoining homeowners. Appellant's lot is on ground higher than appellees' and natural drainage from Leffingwell's land has frequently flooded appellees' property. To fend against such recurring problems the Glendennings let a contract for a stone-and-cement wall 140 feet long, 70-ft. of which is along the dividing line between Leffingwell and the Glendennings. Leffingwell complained that the structure encroached upon the southern extremity of his lot and that overlapping varies from a fraction of an inch to almost a foot. The extreme estimate is in respect of the substructure or foundation.

Leffingwell sought by mandatory injunction to have the entire wall removed, or, inferentially, cut back to the true property line. The contractor who built the wall testified that it was not practicable to cut into the stone and concrete, since the impact of tools would crack the wall and loosen the stones.

Upon conflicting testimony the Chancellor found that there was an encroachment 26 feet in length beginning at a point 17.2 feet east of the west end of the wall. It was caused by a structural curve that carried the wall three-tenths of a foot onto Leffingwell's property at the point of maximum departure. It was also found that J. J. Hocott, who contracted with the Glendennings to build the wall, had been shown boundaries established by a survey made by C. T. Brandt & Co., and that Hocott was directed not to encroach on Leffingwell. While the wall was being built Leffingwell employed the county surveyor and others to define his southern boundary. It was then ascertained that some of the construction was on Leffingwell's land and correctional work was undertaken. However, the net result was that for a distance of 26 feet the protusion infringed the adjacent proprietor's rights, and under evidence we are not required in the circumstances of this case to admeasure to determine whether the weight lies with the plaintiff or defendant, the Chancellor declined to compel appellees to remove the encroachment, but held that title to the small strip over which the wall protruded should not pass from appellant, who

was given the right to remove and rebuild the 26 feet at his own expense.

In his brief appellant's position is that the Chancellor correctly found that there was a 26-ft. encroachment, but erred in refusing to direct its removal.

Leffingwell testified that he did not complain to Glendenning or his wife until the work had been finished. Mrs. Leffingwell says she tried to talk with Glendenning, but that he would not let her. Glendenning denied this, saying that if Mrs. Leffingwell made such an effort he did not hear her.

The amount of land involved is of slight monetary value. Appellant does not contend that he is inconvenienced or that the wall interferes with any of his buildings or the incidents of his property; and a preponderance of the evidence indicates that he has been benefited rather than injured.

We have held that the *de minimis non curat lex* doctrine does not apply to real property, although the rule is different in some states. There are decisions holding that if the encroachment is unintentional, of no inconvenience to the adverse party, and the invasion is relatively insignificant, the protesting claimant will be relegated to damages.

In *Reeves v. Jackson,* 207 Ark. 1089, 184 S. W. 2d 256, there is the statement that the doctrine of *de minimis* does not apply to the invasion of the property of another, citing 26 R. C. L., p. 762. That citation, however mentions, the right to bring an action for the value of property. The Reeves-Jackson action was in circuit court where Reeves sought recovery of a small strip of land and damages for the wrongful use. Judgment on a jury's verdict for the defendant was reversed as a matter of law. Applicability of that case to the litigation here goes only to the proposition there expressed—that the *de minimis* doctrine does not apply to the invasion of another's realty. Of course, if this expression should be treated as an absolute—a rule to be invoked either at

law or in equity—there is no escape from appellant's conclusion that the chancellor was without discretion.

Many cases are reviewed in 96 A. L. R. in the annotation beginning at p. 1287. At page 1291 citations in 14 and 31 A. L. R. are supplemented. There is the statement that while the right to a mandatory injunction under proper circumstances is firmly established, [yet] "the injunction may be refused because of the absence of proper circumstances, especially inequitable incidents." Each case of a permanent obstruction, said the Superior Court of Pennsylvania, *Glinn* v. *Silver,* (1916) 64 Pa. Super. Ct. 383, "must be decided on its own circumstances." Decisions are mentioned in the A. L. R. summation where the courts have denied mandatory injunction upon the ground that the encroachment was the result of mistake, the damage to the plaintiff trivial, and the cost of removal disproportionate to the injury caused the plaintiff, who may be adequately compensated by a grant of damages. The *Glinn-Silver* controversy to which attention has been called involved a bulge in a wall resulting in a slight invasion of the plaintiff's property and "due to the negligent manner in which [the defendant] had built it."

Valuable property in New York City was the subject of equitable relief when the owner of land on West 125th street complained that the adjoining proprietor built a one-story brick extension to his home and encroached three or four inches on the plaintiff's property. The opinion contains this statement: "It is needless to say that the foundation encroachment is just as serious as that above the surface of the land. The plaintiff is thus effectually deprived of the right to build upon the full width of her land, and the defendant has, in effect, taken part of her land from her."

A different result was reached in *Swedish Evangelical Lutheran Church* v. *Shivers,* 16 N. J. Eq. 453, 458, where it was said that courts of equity sit to administer justice in matters of substantial interests to the parties, "not to gratify their passions or to foster a spirit of vexatious litigation." To the same effect is the comment

in *Carr* v. *Inglehart*, 3 Ohio St. 457. The other extreme is reflected by the decision in *Crosby* v. *Blomerth*, 258 Mass. 221, 154 N. E. 763. There the injunction compelled removal of a building, "even though it was found that the value of the land encroached upon by the foundation and overhanging eves amounted to $6.55, and the cost of removing the building would be $1,900."

*Evans* v. *Pettus*, 112 Ark. 572, 166 S. W. 955, is a case where a mother who was co-tenant with her two minor children undertook to bind the children by allowing an adjacent property-owner to build an encroachment. While circumstances there were more detrimental to the interests of the children than was construction of the Glendenning wall in the case at bar,[1] Chief Justice McCulloch, in speaking for the court, said that use of the wall amounted to a permanent encroachment; that the owner of a building does not have to show actual damages in order to prevent an encroachment upon his premises, [and], . . . "there being no remedy at law save to recover damages, which is inadequate, a court of equity should afford relief by preventing the encroachment. . . . It was within the jurisdiction of a court of equity to grant relief by compelling the wrongdoer to withdraw the encroachment. . . ."

The case went off on demurrer, the lower court having held that an equitable cause of action was not stated. It is to be doubted, therefore, that what the court said is authority for the argument that in all similar transactions a court of equity would abuse its discretion should it refuse to issue a mandatory injunction in every case where a slight invasion has occurred; nor is *McGill* v. *Miller*, 172 Ark. 390, 288 S. W. 932, (cited by appellant) conclusive. The encroachment there was on an alley—property dedicated to the public. It has been uniformly held that a private proprietor will be compelled to remove obstructions from streets, alleys, highways, etc. [But

---

[1] The complaint alleged that appellee took possession of the east half of the brick wall and attached a building thereto, "making plaintiffs' said wall a part thereof; that the said defendant cut into plaintiffs' wall and put her joists and sleepers therein so as to support the upper and lower floors of her said building, and also attached her roof thereto," etc.

see *State ex rel. Latta* v. *Marianna,* 183 Ark. 927, 39 S. W. 2d 301].

The decree in the instant case reserved to appellant his property right in the land onto which the wall curved, hence the statute of limitation would not run. There is ample evidence of a sincere desire on the chancellor's part to reach an equitable result without permitting the encroachment to take permanently from appellant the three or four inches of land occupied by the wall. However, a majority of the court take the view that the cost to appellees of removal is not disproportionate to the value appellant appears to place on the land, and for that reason they think it was error not to issue the injunction, restricted to the 26-ft. strip described in the decree.

Reversed.