BEATY *v.* GORDON.

5-2886                                    364 S. W. 2d 311

Opinion delivered February 4, 1963.

*Eddy & Eddy*, for appellant.

*Gordon & Gordon*, for appellee.

Ed. F. McFaddin, Associate Justice. This is a boundary line dispute between neighbors, and is here on both direct and cross appeal.

Mr. and Mrs. Gordon owned their home in Morrilton, and their property had a frontage of 95 feet on Griffin Street; and Mrs. Emma Lee Beaty owned a vacant lot, having a frontage of 60 feet on Griffin Street, and being immediately north of and adjacent to the Gordon property. In 1959 Mr. and Mrs. Beaty decided to build their home on the vacant lot; but there was no definite marking of the boundary line and no legal survey had been made. Mr. Beaty and three others were to construct the Beaty home, and Mr. Beaty consulted with Mr. Gordon about the division line. From that conversation, Mr. Beaty thought his foundation was being laid five feet north[1] of the Gordon property line. After the Beaty home was completed and occupied, and this dispute arose as to the boundary, the Beatys, in August, 1961, had a survey made by Mr. Ragsdale, a civil engineer; and he reported that the foundation of the Beaty home was six or eight inches north of the Gordon north line.

---

[1] The city building code of Morrilton required an interval between the building and the property line, and the building inspector advised Mr. Beaty that the distance was five feet.

Because of further dissension between the neighbors, Mrs. Beaty filed suit against the Gordons to quiet her title to the property she claimed. The Gordons cross complained, alleging that the eaves of the Beaty home actually extended over the Gordon property line; and they prayed:

". . . that the Court compel the plaintiff to move her house five feet North of the boundary line separating the plaintiff's property from the defendants' property, and that the Court award the counterclaimants the sum of $1,000.00 for the unlawful trespass on defendants' property, and for all other equitable relief to which they may be entitled."

A new survey made by Mr. Ragsdale seemed to indicate that the eaves of the Beaty home extended over the property line. After a lengthy trial, and a personal inspection by the Chancellor, the Chancery Court found that the eaves of the Beaty roof actually extended six inches over the property line and thereby damaged the Gordon's property $1,000.00. But the Chancery Court refused to require the Beatys to remove the roof encroachment because of the expense involved and because the Gordons had allowed the encroachment to be made. On her direct appeal Mrs. Beaty makes these points:

(A)   The Parties made a Binding Agreement as to the Location of the Boundary Line Before Plaintiff Began Construction of Her House.

(B)   The South Line of the Plaintiff's Property has been Established by Acquiescence for Over 20 Years.

(C)   No Damages Were Proved by Defendants.

(D)   Defendants Are Estopped to Claim Any Damages.

On the cross appeal Mrs. Gordon[2] claims that she is entitled to a mandatory injunction to compel Mrs. Beaty to remove the encroachment at all events; and Mrs. Gordon also contends that, because of the building code of

[2] The Gordon property was owned by entirety; shortly after the trial below Mr. Gordon died, and the cause has been revived as to his estate because of the $1,000.00 judgment.

Morrilton, Mrs. Beaty's wall and foundation must be moved five feet from the property line.

So much for the history of the litigation and the issues. The learned Chancellor, in an evident effort to restore harmony between these neighbors, entered a decree whereby Mrs. Beaty would not be required to remove the encroaching eaves, but in lieu thereof would pay Mrs. Gordon $1,000.00 as damages. Such would have been a good settlement, but neither party was satisfied and the case comes to us on both direct appeal and cross appeal.

1. *The Cross Appeal of Mrs. Gordon.* We hold that the cross appeal of Mrs. Gordon is determinative of the litigation. The overwhelming weight of the evidence supports the Chancellor's finding that the eaves of the Beaty house actually encroached on the Gordon property; and, under our cases, such encroachment, even though small, should be abated. We have repeatedly held that the doctrine of *de minimis non curat lex* has no application where real estate is involved. *Fulks* v. *Fredeman,* 224 Ark. 413, 273 S. W. 2d 528. In *Leffingwell* v. *Glendenning,* 218 Ark. 767, 238 S. W. 2d 942, it was held that the owner of a lot, whose contractor inadvertently built a retaining wall separating adjacent property, was under legal compulsion to remove a protrusion varying from a fraction of an inch to nearly four inches, over a distance of twenty-six feet. In *Jernigan* v. *Baker,* 221 Ark. 54, 251 S. W. 2d 999, the eaves of the offending house extended over the building line (as fixed by bill of assurance, rather than municipal ordinance); and, in ordering the removal of the encroachment caused by the eaves, we said: "No one could seriously argue that eaves are not a part of the attached building, and in the instant case a projection of more than three and a half feet constituted an invasion of the area Jernigan had every cause to believe would always remain unobstructed. It follows that a mandatory injunction requiring removal should have been given."

To overcome the effect of these holdings, Mrs. Beaty urges: (a) that the line had been fixed by acquiescence

over many years; and (b) that Mr. Gordon agreed to the boundary line. The Chancery Court found the preponderance of the evidence to be contrary to these contentions; and we agree. The line had never been established, so there could have been no "acquiescence." Mr. Gordon was old and feeble and had no authority from Mrs. Gordon to bind her to a boundary line agreement; and Mrs. Gordon offered a reasonable explanation as to why she delayed a very short time in objecting to the Beaty foundation: her son was a civil engineer and had to come from Kansas to survey the line and advise his mother. It must be remembered that Mrs. Beaty instigated this litigation by invoking the aid of equity to quiet her title; yet Mrs. Beaty admitted that no legal survey was made prior to construction. The burden was on Mrs. Beaty to be diligent in making a survey before she could ask equity to declare an estoppel against Mrs. Gordon for a short delay in protesting. For these reasons, language contained in *Hamilton* v. *Smith,* 212 Ark. 893, 208 S. W. 2d 425, is not applicable to the case at bar.

The Chancery Court should have ordered the removal of the encroachment of the eaves of the Beaty house, insofar as the eaves extended over the Gordon property line. Mrs. Gordon insists that the Beaty house should be moved five feet from the property line; but we do not agree that Mrs. Gordon has sustained her position to that extent. In *Jernigan* v. *Baker,* 221 Ark. 54, 251 S. W. 2d 999, the landowner had the benefit of a bill of assurance under which he could seek relief. In the case at bar, there is only a city ordinance of Morrilton. The City is not a party to this suit, and may have agreed to the Beaty construction, or may now be bound by it; so we cannot consider here the alleged violation of the ordinance. With the cross appeal of Mrs. Gordon granted to the extent herein stated, it follows that Points A, B, and D, urged by Mrs. Beaty (as previously listed), are decided adversely to her.

II. *Damages.* The Trial Court awarded Mrs. Gordon $1,000.00 damages because the eaves of the Beaty house would continue indefinitely to encroach on the

Gordon property. Even assuming that the evidence as to such damages was sufficient to support the award, nevertheless the encroaching eaves are to be removed, so the amount of damages awarded must also be reversed.

## CONCLUSION

To the extent herein stated, the decree is reversed on both direct appeal and cross appeal; and the cause is remanded with directions to the Chancery Court to enter a decree and have further proceedings in accordance with this opinion. All costs are assessed against appellant.