ANDREAS PFEIFFER, Plaintiff in Error, *v.* GEORGE GROSSMAN, Defendant in Error.

ERROR TO ST. CLAIR.

If a party puts a fence on or ploughs the land of another, he is liable as a trespasser; and an action may be maintained for the trespass, although the owner is not substantially injured.

Every unauthorized entry on the land of another is trespass, for which an action will lie.

. THIS cause was tried before UNDERWOOD, Judge, at the March term, 1853, of the St. Clair Circuit Court.

G. KOERNER, for plaintiff in error.

P. B. FOUKE, for defendant in error.

TREAT, C. J.   This was an action of trespass *quare clausum fregit*, brought in 1853, by Pfeiffer against Grossman.  The plea was, not guilty.  It appeared in evidence, that the plaintiff had title to a certain tract of land; that according to a survey made in 1854, a fence claimed by the defendant was on this tract; the fence inclosed about half an acre of the tract, part of which was in timber, and the rest in cultivation; the fence was built by McGuire, who was in possession previous to the defendant; prior to the survey, there was some difficulty between the plaintiff and defendant as to the boundary line, the latter claiming to the fence; the defendant was dissatisfied with the survey, and continued in possession of the ground up to the fence, although notified by the plaintiff to remove the fence; after the suit was brought, the defendant caused another survey to be made, which agreed with that made in 1851.   It was stated by the plaintiff's counsel, that the suit was brought for the purpose of establishing the boundary line between the parties.   The court refused to give these instructions : " That the putting a fence or letting it stay on the land of another is a trespass in the eye of the law, for which the aggrieved person is entitled to at least nominal damages ; that the ploughing up of another man's land and cultivating it, although the land may thereby be improved, is still a trespass in law, for which the person aggrieved is entitled to at least nominal damages." The jury found the issue for the defendant, and the court rendered judgment on the verdict.

5 *

The instructions not only asserted correct legal principles, but they were strictly applicable to the case. If a party puts a fence on another's land, or ploughs up the soil, he is liable as a trespasser. Such acts are a violation of the owner's right of possession, to redress which the law gives him an action. And the action is maintainable, although the owner is not substantially injured. He is entitled to nominal damages for the intrusion upon his possession. The defendant cannot defeat the action, by showing that the plaintiff is not materially prejudiced, or even that he is actually benefited. A right is invaded, and a wrong committed, and that is a sufficient basis for an action. Every unauthorized entry on the land of another is a trespass, for which an action will lie. The law implies damage to the owner, and in the absence of proof as to the extent of the injury, he is entitled to recover nominal damages. Especially is this the case, where the suit is brought for the purpose of settling a question of right. Dixon *v.* Clow, 24 Wend. 188; Pastorius *v.* Fisher, 1 Rawle, 27; Bagby *v.* Harris, 9 Ala. 173; Plumleigh *v.* Dawson, 1 Gil. 544; Bolivar Manuf. Co. *v.* Neponset Manuf. Co. 16 Pick. 241; Whipple *v.* The Cumberland Manuf. Co. 2 Story's R. 561.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*