Pile et al., Appellants, *v.* Pedrick et al., Appellants.

*Equity—Injunction—Wall—Trespass.*

Where defendant, intending to build a wall entirely upon his own land, receives inaccurate lines from the city surveyor, and in constructing the wall encroaches with his foundation stones one and three-eighths inches on his neighbor's land without any encroachment by the wall above the surface, this is not a party wall; and if the neighbor refuses to permit the defendant to enter upon his lands so as to cut off the projecting ends of the stones, a court of equity will be compelled to enter a decree requiring the defendant to take down and rebuild the entire wall from his own side.

*Costs—Division of costs—Equity.*

Costs are not of course in equity. They are within the power of the chancellor. They may be given or withheld as equity and good conscience require.

Argued Jan. 16, 1895. Appeals, No. 440, Jan. T., 1894, and No. 101, July T., 1894, by plaintiffs and defendants, from decree of C. P. No. 2, Phila. Co., March T., 1890, No. 456, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity to compel the removal of a wall.

The bill averred that the parties owned adjoining properties, that the defendants had erected a large factory and had in its erection exercised their right to use a portion of the plaintiffs' ground for their party wall; that the defendants were building an additional story to their factory and had inserted some windows in the said wall, and were about to insert others. The bill prayed for an order on defendants to remove the windows already inserted, and an injunction as to the others.

The answer denied that the defendants exercised the right to use a portion of plaintiffs' ground for their party wall, and alleged that the wall erected by them is entirely upon their own ground, as they are advised and verily believe; that they have had the premises surveyed by competent surveyors, and knowing they would want to put windows in their wall they employed competent builders and architects, and instructed them to build the premises wholly upon the land of defendants, and not in any part of said wall to use plaintiffs' premises.

The case was referred to Charles H. Mathews, Esq., as master, who found as a fact that the brick wall of defendants, which is eighteen inches thick, is clear of the property line, from Buttonwood street to Hamilton street, and that it stands its entire length on the defendants' land. That the brick wall rests upon a foundation wall which is two feet thick, and that this foundation wall was clear of the plaintiffs' property from Hamilton street, north, to a point about fifty feet south of Buttonwood street; but, that for the said fifty feet, the said foundation wall encroached on the plaintiffs' property on an average of one and a half inches to one and five eighths inches. To this report, the defendants alone filed exceptions.

On June 6, 1891, after argument, the court referred the cause back to the master to take testimony and report " whether the encroachment can be practicably rectified by removal of the wall or a portion thereof, and if so, what mode can be adopted."

On November 15, 1892, the master reported that the testimony furnished no method by which the encroachment could be rectified, and suggested that any such attempt would require the sanction of the building inspectors. To this report the defendants alone excepted.

Subsequently, at the suggestion of the court, depositions were taken to ascertain whether the building inspectors would permit the encroachments to be rectified by the methods suggested by defendants.

On February 6th, the court entered the following decree:

" Now, sixth of February, 1894, the court having considered the two reports of the master, the exceptions thereto and the depositions on behalf of the defendants taken subsequent to the filing of the said reports, and having heard counsel for the respective parties:

298 PILE et al., Appellants, *v.* PEDRICK et al., Appellants.

Statement of Facts—Arguments. [167 Pa.

"Order and decree that the defendants by their workmen and pursuant to a permit of the building inspectors have leave to remove so much of their wall mentioned in the master's report, as is upon the ground of the plaintiffs, replacing it by a wall of the existing width to be wholly upon the defendants' ground. But in so doing the said workmen shall not enter upon or dig into the ground of the plaintiffs.

"And that the costs of the case shall be paid the respective parties, one half by each.

"And it is further ordered that if the permission herein be not exercised within a reasonable time, the plaintiffs have leave to apply to the court for further direction or order."

*Errors assigned* by plaintiffs were among others, (1) in not directing defendants to remove the windows placed in the wall; (6) decree as above, quoting last three paragraphs of decree.

*Errors assigned* by defendants were among others, (1) in failing to order and decree that the plaintiffs permit the defendants to enter upon the premises of the plaintiffs and remove so much of the wall of the defendants as is upon the ground of the plaintiffs; (2) in decreeing that the costs of the case should be paid by the respective parties, one half by each.

*E. H. Hanson, J. M. Pile* with him, for Pile et al.—The first builder is compelled to make a wall that the adjoining owner may build against and use for the purposes of support. It must be a solid wall of brick or stone, without windows or other openings: Vollmer's App., 61 Pa. 118.

A wall with windows in it is a nuisance and within the restraining powers of a court of equity: Milne's App., 81 Pa. 54; Western Banks' App., 102 Pa. 171.

Costs should not be imposed upon the successful litigant, unless for satisfactory reasons: Biddle's App., 19 W. N. C. 219; Nintzer's App., 35 W. N. C. 326.

*Leoni Melick,* of *Melick & Potter, John Sparhawk, Jr.,* with him, for Daniel Pedrick et al.—In equity a decree is not of right and will not be granted where it will work greater injury to defendant than by leaving the party to his redress at law: Richard's App., 57 Pa. 105.

The encroachment is not a party wall. There is at common law no right to build a party wall over a neighbor's land: Barlow v. Norman, 2 W. Bl. 959; Bloch v. Isham, 7 Am. Law. Reg., N. S. 10; Weston v. Arnold, L. R. 8 Chan. App. 1084.

The cases in which this court has required windows to be closed are cases in which either the right had been admittedly exercised, or cases in which the defendant had taken every advantage of a party wall, and fraudulently tried to avoid its liabilities: West. Nat. Bank's App., 102 Pa. 171; Milne's App., 81 Pa. 54.

The alleged encroachment can be chipped off and the wall would still be as thick as required by law: Act of May 7, 1855, P. L. 466.

The doors of a court of equity are shut against one who in his prior conduct in the very subject-matter at issue has violated good conscience, good faith or fair dealing: Orne v. Coal Co., 114 Pa. 182; Hart v. Kucher, 5 S. & R. 2; Hoffstot v. Voigt, 29 W. N. C. 397.

### PILE'S APPEAL.

OPINION BY MR. JUSTICE WILLIAMS, April 8, 1895:

The learned judge of the court below was right in holding that the wall in controversy was not a party wall. It was not intended to be. The defendants were building a factory and under the advice of their architect decided to build within their own lines in order to avoid the danger of injury to others from vibration which might result from the use of their machinery. They called upon the district surveyor to locate their line and built within it as so ascertained. Subsequent surveys by city surveyors have determined that the line was not accurately located at first but was about one and a half inches over on the plaintiffs. This leaves the ends of the stones used in the foundation wall projecting into the plaintiffs' lands below the surface one and three eighths inches. This unintentional intrusion into the plaintiffs' close is the narrow foundation on which this bill in equity rests. The wall resting on the stone foundation is conceded to be within the defendants' line. The defendants offered nevertheless to make it a party wall by agreement and give to plaintiffs free use of it, as such, on condition that the windows on the third and fourth floors should remain open

300 PILE et al., Appellants, *v.* PEDRICK et al., Appellants.

Opinion of the Court.                [167 Pa.

until the plaintiff should desire to use the wall. This offer was declined. The trespass was then to be remedied in one of two ways. It could be treated with the plaintiffs' consent as a permanent trespass and compensated for in damages, or the defendants could be compelled to remove the offending ends of the stones to the other side of the line. The plaintiffs insisted upon the latter course, and the court below has by its decree ordered that this should be done. The defendants then sought permission to go on the plaintiffs' side of the line and chip off the projecting ends, offering to pay for all inconvenience or injury the plaintiffs or their tenants might suffer by their so doing. This they refused. Nothing remained but to take down and rebuild the entire wall from the defendants' side and with their building resting on it. This the decree requires, but in view of the course of the litigation the learned judge divided the costs. This is the chief ground of complaint on this appeal. Costs are not of course in equity. They may be given or withheld as equity and good conscience require. It often happens that a chancellor is constrained to enforce a legal right under circumstances that involve hardship to the defendant, and in such cases it is, as it should be, common to dispose of the costs upon a consideration of all the circumstances and the position and conduct of the parties. The costs in this case were within the power of the chancellor. They were disposed of in the exercise of his official discretion, and we see no reason to doubt that they were disposed of properly. The decree is affirmed. The costs of this appeal to be paid by the appellant.

## PEDRICK'S APPEAL.

OPINION BY MR. JUSTICE WILLIAMS, April 8, 1895:

This is an appeal from the same decree just considered on the appeal of J. M. Pile, et al. It is not denied that the foundation wall on which the appellant has built was located under a mistake made by the district surveyor, and does in fact project slightly into the plaintiffs' land. For one inch and three eighths the ends of the stones in the wall are said to project beyond the division line. The defendants have no right at law or in equity to occupy land that does not belong to them and we do not see how the court below could have done otherwise than recognize and act upon this principle. They must remove

their wall so that it shall be upon their land. This the court directed should be done within a reasonable time. To avoid further controversy over this subject we will so far modify the decree as to permit such removal to be made within one year from the date of filing hereof. In all other respects the decree is affirmed. The appellants to pay all costs made by them upon this appeal.