TRULOCK v. PARSE..

## Opinion delivered June 3, 1907.

1. PROJECTING WALL—RIGHT TO USE.—The doctrine that where the owner of a lot constructs a building thereon so that the wall projects over an adjoining lot, he can not, without removing the projection, deny the owner of the adjoining lot the right to use it is inapplicable to the case where the foundation of plaintiff's wall extends about six inches over on defendant's lot, as the projection does not obstruct the free use of the adjoining property by defendant. (Page 152.)

2. CONTRACT—MUTUALITY.—Where A, owning a lot of ground, by written contract granted to B, an adjacent proprietor, the right to add a second-story wall to an existing division wall on A's land, on condition that A be permitted to use it, and granted to B the right to use the second-story wall if A built it, the fact that A alone signed the contract will not affect A's liability if B received and retained the writing, as his receipt and retention of the contract imported an acceptance of its terms. (Page 152.)

3. SAME—CONSIDERATION.—Where A, owning land upon which stood a one-story wall, signed a writing granting to B, an adjacent proprietor, the right to add a second-story wall thereto on condition that A be permitted to use it, and granted to B the right to use the second-story wall if A should build it, but the agreement did not bind B in any way except by an implied promise on his part to allow A to use the wall in the event he chose to erect it, the contract was without consideration. (Page 153.)

4. LICENSE—REVOCATION.—A license by the owner of land to one not interested therein whereby the licensee was impowered to use the licensor's wall when built, if without consideration, may be revoked at will so long as the licensee has done nothing under the license. (Page 153.)

5. INJUNCTION—ENCROACHING PARTY WALL.—The erection of a party wall upon another's land is an encroachment upon his property which may be enjoined. (Page 153.)

Appeal from Jefferson Chancery Court; *W. T. Wooldridge,* Special Chancellor; affirmed.

*Austin & Danaher,* for appellant.

1. Appellee cannot avoid the written instrument on the ground that Greenblatt did not sign it. "Want of mutuality, arising from the failure of both parties to sign, cannot be successfully pleaded as a defense by the party who did sign." 29 Am. & Eng. Enc. of L. 858. It was signed by the party sought

to be charged, and Greenblatt unquestionably assented to it by his acts. *Id.* 860. This court has held that such agreements run with the land. 93 S. W. 570.

2. Being a party wall, defendant had the right to use it, and, even if no agreement had been signed by plaintiff conferring that right, equity would not enjoin defendant from using it. High on Inj. 783; *Id.* 701; 51 Cal. 523; 41 Pac. 462; 67 Ala. 500; 22 Am. & Eng. Enc. of L. (2 Ed.), 239, 244-5; 11 Ark. 304; 81 Ark. 314; 33 Ark. 633; 75 Ark. 286; 67 Ark. 413; 77 Ark. 527.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1. There was no consideration for the writing which appellee signed; nothing therein could she enforce against Greenblatt unless he signed it. There was no mutuality of contract. A contract must be binding on both parties, else there is no mutuality. 1 Parsons on Const. 486; 6 Am. & Eng. Enc. of L., 730. It being shown that it was the understanding of the parties that both should sign the instrument, the failure of one to sign left it incomplete and invalid. Reed on Stat. Frauds, 363. See also, 43 Minn. 11; 51 Mich. 79; 4 Daily, 110; 47 Barb (N. Y.), 172; 19 Johns. 212; 96 Ala. 524; 41 Mich. 298; 1 Par. Eq. Cas., 79 *et seq.*

2. The fact, if a fact, that the original wall encroaches a few inches upon appellant's land gives him no right to use the second story wall. 175 Ill. 62; 22 Am. & Eng. Enc. of L., 239; 135 Miss. 232. Injunction was the proper remedy in this case. It is well settled that a trespass constituting an injury to the freehold or continuous in its character presents one of the strongest occasions for injunction. 22 Cyc. 834.

McCulloch, J. Appellant and appellee are the several owners of adjoining lots in the city of Pine Bluff, and each lot is covered by a brick building. The buildings were each originally one-story in height, and the north wall of plaintiff's building was used by the owner of the other building as its south wall. Subsequently appellee added another story to her building. Appellant is now about to add another story to his building, and claims the right, in so doing, to use the upper wall constructed by appellee. This suit was instituted by appellee against ap-

pellant to restrain him from cutting into the upper wall, or using it in any way.

It is alleged in the complaint that the wall is entirely upon plaintiff's lot, and the evidence shows this to be true except that the footing or foundation of the wall extends about six inches over on defendant's lot. Defendant purchased his property from the heirs of one Myer Greenblatt, and he relies upon an instrument of writing alleged to have been executed as a contract between plaintiff and Greenblatt.

The instrument in question is as follows:

"State of Arkansas.

"This is to show that whereas Mrs. Mary A. Parse and Myer Greenblatt own two adjoining one-story brick stores fronting Main Street in block 21 of Pine Bluff; now for certain valuable considerations it is agreed that if either Mrs. Parse or Greenblatt desires to make their respective store houses two stories high, either party shall have the right to build a second-story wall on the present dividing wall. This agreement to continue while the present wall stands and no longer, and without prejudice to the title of either party to the land occupied by the wall. If one party build the wall, the other shall have the right to use.

"Witness the hands and seals of Mary A. Parse and Myer Greenblatt, this March 30th, 1883.

　　　　[Signed]　　　　　　　　"MARY A. PARSE."

The instrument was not signed by Greenblatt. When it was signed by the plaintiff, Mrs. Parse, both buildings had been erected, the wall of plaintiff's building having been used in constructing the Greenblatt building. The terms or agreement, if any, upon which the wall was used is not disclosed by the evidence. The plaintiff erected the second story of her building in the year 1890. She testifies that no consideration was paid to her for signing the instrument in question, that it was brought to her for her signature under the agreement or understanding that it was to be signed also by Greenblatt, that she had not since seen the paper nor heard of it until this controversy arose when defendant attempted to use the wall of the upper story. Greenblatt is dead, and the defendant Trulock testifies that the

paper was delivered to him by the Greenblatt heirs when they sold him the property.

The defendant also contends that the wall is partly on his lot, and that he has a right to use it as a party wall, but the evidence is against him on this issue. It shows that the wall is on the plaintiff's lot. It is true that the footing or foundation of the wall extends about six inches over defendant's lot, but this does not make it a party wall. The extension is not above the ground, and would not interfere with defendant in building a new wall on his own lot. Learned counsel for appellant invoke a doctrine which has been announced that where an owner of a lot constructs a building thereon so that the wall thereof projects over on an adjoining lot, he cannot, without removing the projection, deny the owner of the adjoining lot the right to use it. I High on Injunctions, § 783; *Guttenberger* v. *Woods,* 51 Cal. 523. This is upon the ground that to permit the obstruction to remain without allowing the adjoining owner the right to use the projecting wall would be to deny him the free use of his own property. But this doctrine does not apply where the projection does not prevent or obstruct the free use of the adjoining property by its owner. The six-inch projection underneath the surface of the ground did not interfere with defendant's free use of his property in erecting a wall on the edge of his lot; at least, the evidence does not show any interference. The mere fact that the foundation was partly on defendant's lot did not give him the right to use a wall entirely on plaintiff's lot above the surface of the ground.

Is the plaintiff bound by the written instrument which she signed, notwithstanding the fact that it was not signed by the other party? It will be seen that the contract is unilateral, and primarily imposes obligations on only one of the parties— Mrs. Parse. According to its terms, she granted to the other party named therein the right to build a second-story wall on condition that she be permitted to use it, and granted to him the right to use the second-story wall if she should build it. He did not obligate himself to build the wall or to do anything else. Therefore there was no necessity for his signature to the instrument. The provisions being entirely for his benefit, his receipt and retention of the writing, even without sign-

ing it, imported an acceptance of its terms. 29 Am. & Eng. Enc. Law, 858, and cases cited. His signature would have added nothing, inasmuch as the writing itself did not impose an obligation upon him. He undertook nothing under the contract as written except to allow plaintiff the use of the second-story wall in the event he chose to built it. If the plaintiff could be held at all upon the contract, we think that the failure of the defendant to attach his signature to it did not, under the circumstances of this case, affect the question of her liability.

But there was no consideration for the contract, and for that reason the plaintiff is not bound to perform it. The wall being entirely upon the plaintiff's lot, her agreement to permit plaintiff to use the second-story wall in the event that she should erect it was a mere gratuity, a *nudum pactum*. The evidence shows that there was no consideration at all. Mutual promises or undertakings constitute sufficient consideration to support a contract, but this contract contained no promise or undertaking on the part of Greenblatt. His promise to allow plaintiff to use the wall in the event he chose to erect it was not sufficient consideration for her executory contract for the use of the wall. Mutual promises or undertakings, in order to constitute of themselves consideration for a contract, must be concurrent so as to become obligatory at the same time. 9 Cyc. 325. Of course, if Greenblatt or his successors in title had proceeded to build the second-story wall in accordance with the contract, the writing would have become mutually binding upon both parties; but, as long as nothing was done under it, the contract was, for want of consideration, nugatory and without binding force upon plaintiff. Until something was done under it by the other party, it was a mere proposal or option which she had the right to withdraw.

Suit for injunction was the proper remedy against the defendant's attempted encroachment upon the property. 22 Cyc. 834.

We think the chancery court reached the correct conclusion in the case, and the decree is affirmed.