MARGARET M. BLOOD *vs.* NATHAN COHEN & another.

Essex.    May 5, 1953. — July 3, 1953.

Present: QUA, C.J., RONAN, SPALDING, & COUNIHAN, JJ.

*Equity Jurisdiction*, Trespass, Damages. *Trespass. Damages*, For trespass.

An owner of land of little value on which an abutter trespassed by building thereon an outdoor fireplace, a cement platform and some steps and by making a flower garden was entitled in equity to a decree ordering the removal of the trespassing structures and restoration of his land to its original condition even though the abutter acted in good faith in the belief that he owned the land and his acts did not harm it but increased its value.   [387]

In the circumstances of a suit in equity by an owner of land of little value against an abutter who had trespassed on the land by building certain structures and making a flower garden thereon, a decree enjoining further trespass and ordering the defendant to pay damages in an amount which was equivalent to the cost as found by a master of removing the trespassing structures and restoring the land to its former condition, but was many times more than the value of the land, was reversed and a new decree was ordered to be entered directing the defendant to do such removal and restoration and, except to the extent necessary therefor, enjoining further trespass by him on the land.   [387–389]

BILL IN EQUITY, filed in the Superior Court on August 2, 1951.

The suit was heard by *Morton*, J., upon a master's report.

*Harry A. Simon,* for the defendants.

*Andrew R. Linscott,* for the plaintiff.

SPALDING, J.   This bill is brought to enjoin the defendants from trespassing upon land of the plaintiff and to obtain a mandatory injunction ordering them to remove therefrom certain structures.   There were also prayers for damages and general relief.   For convenience the defendant Sophie Cohen will hereinafter be called the defendant. The case was referred to a master and his report, which was confirmed by an interlocutory decree, is not here challenged.   The case comes here on the defendants' appeal from a final decree enjoining them from further trespassing on the plaintiff's land and ordering them to pay $1,700 as damages; but only the award of damages is assailed.

The relevant facts are these: The plaintiff and the defendant own adjoining land upon a hill in Swampscott. The controversy relates to a parcel of land owned by the plaintiff which is referred to by the master as lot X.   This lot lies on the westerly or rear boundary of and is more or less level with the defendant's land.   Other land of the plaintiff lies generally to the north of the defendant's land, higher up the hill.   In 1948 the defendant built an outdoor fireplace and a cement platform on a small portion of lot X, cultivated some of it as a flower garden, and built some steps to connect lot X with another part of her premises. Lot X has no value except to abutting owners and it is of "no practical use to one owning the land of . . . [the plaintiff]."   There is no access to this lot from other land of the plaintiff except by climbing a fence and jumping down from the wall bordering on the lot and the remainder of the plaintiff's land.   The structures were placed on the lot by the defendant "in good faith in the honest belief that . . . [she was the owner] of this property."   The fair market value of the portion of lot X occupied by the trespassing structures is $30.   There was no evidence of the fair rental value of the property, but the master found that it would be negligible.   The cost of restoring it to its former condition would be between $1,700 and $1,800.

The "improvements made by the . . . [defendant] did not harm the property, but increased the value of the land."

We lay to one side the defendants' contention that the relief granted was beyond the scope of the bill, for in our view of the case this is of no materiality. The principal contention of the defendants is that since the court did not order the removal of the structures it could not award damages in the sum of $1,700. Damages in that amount, it is urged, are greatly in excess of any damage suffered by the plaintiff. "A plaintiff," it is said, "is not entitled to let the structure remain and to have a theoretical cost of removal. In this case the result would be that the plaintiff may retain an improved property and pocket $1,700 though the land involved is of very little value." The defendants, although suggesting the contrary, do not seriously contend that on the facts found by the master a decree ordering the removal of the trespassing structures would have been improper. In any event we are of opinion that the case is one where such an order could properly have been made. *Geragosian* v. *Union Realty Co.* 289 Mass. 104, 108–110, and cases cited. *Goldstein* v. *Beal,* 317 Mass. 750, 757–758. The fact that the structures did not harm the property is not controlling. The plaintiff was entitled to have it remain in its original condition if she so desired.

The $1,700 awarded in the decree must have been determined by taking the lesser amount which the master found was necessary to pay for the removal of the structures and the restoration of lot X to its original condition. While the cost of removal and restoration may, in appropriate circumstances, be considered in determining the damages recoverable for a trespass of the sort here involved (*Cavanagh* v. *Durgin,* 156 Mass. 466, 470; *Childs* v. *O'Leary,* 174 Mass. 111), the assessment of damages here does not conform to the test approved in the *Childs* case. See also *Cobb* v. *Massachusetts Chemical Co.* 179 Mass. 423, 426. Viewed, then, as damages for the trespass, the award was grossly excessive, for it was many times more than the value of the property involved. The award can be upheld, if at all,

only as the cost of the equitable relief which could have been granted. We are of opinion that it cannot be so upheld.

The usual remedy in a case like the present is to grant a mandatory injunction and it is not apparent to us why the present mode of relief was given instead. Ordinarily if money is awarded in lieu of an injunction it ought to be on the basis of established rules of damages. The decree here gives the plaintiff an option to recover damages far in excess of the value of the land and at the same time to enjoy the benefits of the defendants' expenditures. It may be argued that the defendants are in no position to complain, for they will have to pay $1,700 whether they do the removing or the plaintiff does it. But that does not necessarily follow. Conceivably they may be able to remove the structures at a cost less than that found by the master. The plaintiff suggests that the difficulties of administering a mandatory injunction and the possibility of further litigation are adequate grounds for the grant of a money equivalent of such an injunction, but nothing in this record — and we have before us all that the judge below had — indicates that those considerations are present here in greater degree than in any other case of this sort. If anything, from the location of lot X, we infer that it would be easier for the defendants to effect the removal than for the plaintiff to do so. It does not lie in the plaintiff's mouth to argue that the defendants in removing the structures would be committing a trespass. She has asked for this mode of relief in her bill and cannot be heard to object if it is granted. We do not intimate that there can never be circumstances where an award covering the cost of removal may be made in lieu of a mandatory injunction. We hold only that the ends of justice will be better served in the case at bar by the granting of a mandatory injunction.

The interlocutory decree confirming the master's report is affirmed. The final decree is reversed. A new decree is to be entered ordering the defendants to remove the fireplace, platform and steps and to restore the property to

its original condition; and, except to the extent necessary for such removal and restoration, enjoining further trespass by the defendants on lot X.

*So ordered.*