FULKS *v.* FREDEMAN.

5-526                                                     273 S. W. 2d 528

Opinion delivered December 20, 1954.

O. T. Ward, for appellant.

Frank H. Dodge, Talley & Owen and Dale Price, for appellee.

ROBINSON, J.   A brick wall belonging to appellees, A. D. Fredeman, *et al.*, encroaches on property belonging to appellant, Lerlene Fulks.   Mrs. Fulks filed this suit asking that appellees be required to remove the encroachment.   There was a decree in favor of the Fredemans, and Mrs. Fulks has appealed.

The parties own adjoining lots in the City of Little Rock.   Situated on the Fredeman lot at the property line

is a brick wall about one foot thick and eight feet high. From some cause this wall has ceased to be perpendicular and leans over appellant Fulks' property in varying degrees that range from about three and one-half inches at one end to about ten inches in the middle of the wall. The appellees have attached braces to the wall calculated to keep it from deviating from the perpendicular to any greater extent than now exists. The braces will probably have the desired effect, but they constitute an additional encroachment of about three inches. The wall in its leaning position is very close to appellant's house; in fact the side of the house next to the wall could not be painted without considerable difficulty.

This court has held that the *de minimis non curat lex* doctrine has no application where real property is involved. *Leffingwell* v. *Glendenning*, 218 Ark. 767, 238 S. W. 2d 942. There the court said: "The amount of land involved is of slight monetary value. Appellant does not contend that he is inconvenienced or that the wall interferes with any of his buildings or the incidents of his property; and a preponderance of the evidence indicates that he has been benefited rather than injured. We have held that the *de minimis non curat lex* doctrine does not apply to real property, although the rule is different in some states."

Appellees contend that the language in the *Leffingwell* case citing *Evans* v. *Pettus,* 112 Ark. 572, 166 S. W. 955, at least indicates that the trial court has some discretion as to whether the encroachment should be removed. It is true that the *Leffingwell* case does refer to the fact that *Evans* v. *Pettus* went off on demurrer, but nevertheless the *Evans* case holds outright that a court of equity will afford relief by preventing a permanent encroachment. There Chief Justice McCulloch said: "The use of the wall amounts to a permanent encroachment, whether it results in actual damage or not, and they are entitled to equitable relief to prevent it. *Trulock* v. *Parse,* 83 Ark. 149, 103 S. W. 166, 11 L. R. A., N. S. 924. The owner of a building does not have to show actual damages in order to prevent a permanent encroach-

ment upon his premises. He has the right to resist such encroachment, and there being no remedy at law save to recover damages, which is inadequate, a court of equity should afford relief by preventing the encroachment."

We have reached the conclusion that the law of this state as established by previous decisions of this court requires the removal of the encroachment. Reversed.