Antonio Lizzo & another *vs.* George C. Drukas & another.

Suffolk.    October 6, 1955. — November 9, 1955.

Present: Qua, C.J., Ronan, Wilkins, Spalding, & Counihan, JJ.

*Equity Jurisdiction,* Infringement of easement.    *Way,* Private: in-
fringement.    *Easement.*

A plaintiff having a right of passage in common with the defendant over
a private way upon which the defendant had wrongfully placed fill
raising the way above a portion of the plaintiff's adjacent property
was entitled to a mandatory injunction ordering the defendant to re-
move the fill, instead of an award of damages, even if the fill was bene-
ficial to the plaintiff's property and its removal would be a burdensome
expense to the defendant.

Bill in equity, filed in the Superior Court on June 24,
1954.

The suit was heard by *Morton,* J.

*Mario Misci,* for the plaintiffs, submitted a brief.

*James F. Mulligan,* for the defendants.

Spalding, J.    This is a bill in equity for a mandatory
injunction compelling the defendants to remove fill alleged
to have been placed on a way over which the plaintiffs had
a right of passage.    The judge made findings of material
facts and ordered the entry of a decree that the defendants
pay to the plaintiffs the sum of $200.    From a decree en-
tered accordingly the plaintiffs appealed.    The evidence is
not reported.

The plaintiffs challenge the decree solely because of the
relief granted.    They contend that they were entitled to a
mandatory injunction ordering the removal of the fill in-
stead of an award of damages.

The plaintiffs and the defendants are abutting owners of
real estate.    Between their properties lies a private way
called Newell Street, over which the plaintiffs and the de-

fendants have a right of passage. The title of the plaintiffs and the defendants to their respective properties extends to the center of the way. The defendants filled in the way so that it was level with their property but in so doing the way was built up six feet above a portion of the plaintiffs' property. The defendants contended that this fill was placed on the way with the plaintiffs' consent but the judge found that no consent was obtained. The report of material facts concludes with the following: "It seems to me upon the whole that the fill is beneficial rather than a source of damage to the property of the plaintiffs. However, I find and rule that the . . . [defendants] had no right to interfere with the right of way, but that it would be an intolerable burden to require . . . [them] to remove the fill."

We are of opinion that the judge ought to have granted a mandatory injunction ordering the defendants to remove the fill. The principles of law governing cases of this sort are set forth in *Geragosian* v. *Union Realty Co.* 289 Mass. 104 (a leading case collecting authorities), where it was said at pages 109–110, "The facts that the aggrieved owner suffers little or no damage from the trespass . . . , that the wrongdoer acted in good faith and would be put to disproportionate expense by removal of the trespassing structures . . . , and that neighborly conduct as well as business judgment would require acceptance of compensation in money for the land appropriated . . . are ordinarily no reasons for denying an injunction. Rights in real property cannot ordinarily be taken from the owner at a valuation, except under the power of eminent domain. Only when there is some estoppel or laches on the part of the plaintiff . . . or a refusal on his part to consent to acts necessary to the removal or abatement which he demands . . . will an injunction ordinarily be refused. . . . The general rule is that the owner of land is entitled to an injunction for the removal of trespassing structures." To the same effect are *Westhampton Reservoir Recreation Corp.* v. *Hodder*, 307 Mass. 288, *Ferrone* v. *Rossi*, 311 Mass. 591, 593, and *Goldstein* v.

*Beal,* 317 Mass. 750, 757–758. See *Blood* v. *Cohen,* 330 Mass. 385. We perceive nothing in the findings of the judge that would take the case out of the rule just stated. The fact that the expense to the defendants would be burdensome is not enough.

It follows that the final decree is reversed and a new decree is to be entered ordering the defendants to remove the fill placed by them on the way. The plaintiffs are to have costs of this appeal.

*So ordered.*