# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

METROPOLITAN DISTRICT COMMISSION *vs.* HENRY PLOTNICK
& another.

Suffolk. February 7, 1968. — March 5, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Easement. Equity Jurisdiction, Infringement of easement.*

After the Metropolitan District Commission had laid a large water main
in a location in which it had taken an easement for the purpose by an
order of taking preserving the rights of the owner in the location not
inconsistent with exercise of the easement, but providing that unless
the commission consented no material should be deposited on the
location, the commission in behalf of the Commonwealth was entitled
in equity to a removal of fill placed on the location without its consent
and substantially increasing the depth of material over a portion of the
main, even if the presence of such fill created no present danger or
damage or probability of harm from delay in exposing the main in case
of need and removal of the fill to restore the previous level of material
over the main would entail great expense and adversely affect the use
of the land.

BILL IN EQUITY filed in the Superior Court on August
19, 1965.

The plaintiff appealed from a final decree entered after
hearing by *Hale,* J.

*Samuel W. Gaffer,* Assistant Attorney General, for the
plaintiff.

No argument or brief for the defendants.

WHITTEMORE, J. The plaintiff contends that the final
decree in the Superior Court fails to afford adequate relief

for the defendants' interference with a pipeline easement.
The easement was taken for the Commonwealth on December 29, 1938, through land then owned by the city of Boston
and The New York, New Haven & Hartford Railroad Company.   The land is now owned by the defendant Plotnick
and is occupied for a used car lot by the defendant Lee
Motors, Inc.   The plaintiff laid a 36 inch pipeline in the
easement which is used as a water main.   After the pipe was
laid the fill over the top of the pipe was from six to seven and
one-half feet in depth.   In January, 1966, regrading had
increased the depth so it was seven feet at one end of the
easement and nineteen feet at the other.   Later the defendants removed some of the black top and fill.   It is implicit in the findings but does not expressly appear that the
defendants, either or both, had placed or permitted the
placing of the fill.

The duly recorded instrument of taking provides: "Said
rights and easements in the above described lands are taken
without interference with or prejudice to the rights of the
respective owners thereof, except so far as is reasonably
necessary in the exercise of the rights and easements hereby
taken, and there are reserved to the respective owners and
their heirs and assigns, all their respective rights in and to
the use of their lands lying within said above described
parcel for all lawful purposes not inconsistent with the use
thereof for a location for water pipes or conduits or with the
construction, inspection, repair, renewal, replacement, operation or maintenance of said pipes or conduits, provided,
however, that unless the written consent of said Metropolitan District Commission, or such other authority as shall
for the time being have the control and management of said
pipes or conduits on behalf of said Commonwealth, shall first
have been obtained no buildings or structures . . . shall
hereafter be erected or maintained in or upon any part of
said parcel . . .; no gravel, loam, rubbish or other material
except that which is necessary to maintain the road bed of
said railroad, shall be removed therefrom or deposited
thereon."

The plaintiff first learned of the increased fill in 1963, and in September, 1963, directed Plotnick to remove the fill. Negotiations followed but did not result in permission from the plaintiff to maintain the new grade. The judge found that restoring the prior level would put the defendants to great expense and inconvenience and would adversely affect the use of the land as a lot for the sale of automobiles. Also that in the "unlikely event of a leak or break . . . , there would be some extra digging required . . . but nothing more" and that there is no present danger or damage to the Commonwealth by reason of the extra fill. The judge ruled that the filling and blacktopping of the area violates the easement but that equity does not require the enforcement of the right to have the fill removed. He entered a final decree enjoining the parking or storing of automobiles on the area of the easement.

The Commonwealth has a legal right to maintain and protect the full property interest in the land created in it by the easement. The right does not depend on a showing of present damage or danger or the probability of harm from delay in exposing the main in case of need.

The case is controlled by *Lizzo* v. *Drukas*, 333 Mass. 242, in which we held that plaintiffs having a right of passage in common with defendants over a way upon which the latter had wrongfully placed fill were entitled to a mandatory injunction ordering removal even if the fill was beneficial to the plaintiffs' property and its removal a burdensome expense to the defendants. See *Geragosian* v. *Union Realty Co.* 289 Mass. 104, 109, 110; *Blood* v. *Cohen*, 330 Mass. 385, 387.

The final decree is to be modified as below provided. If within ten days of rescript the defendants, or either of them, shall in writing request further hearings, their responsibility for the placing of the fill is to be determined. In the absence of such request the final decree shall order that the defendants shall within a reasonable time to be fixed by the judge in the Superior Court remove the fill in the area of the easement so as to restore the depth of fill to that existing when the laying of the water main was completed. If, pur-

suant to such a request, it shall be determined that the fill had been placed after Plotnick's acquisition of title or with the direct or indirect participation of either defendant prior thereto, the final decree shall order that the defendant Plotnick, and the defendant Lee Motors, Inc., if it participated in the placing of the fill, shall remove the fill within the time and in the manner aforesaid. Otherwise, the final decree shall order that the plaintiff may remove the fill. The final decree may contain such other provisions for the protection of the easement from renewed or continuing encroachment consistent herewith as the Superior Court shall deem appropriate.

*So ordered.*