467 A.2d 1342

**Mary L. YEAKEL, Appellant,**

v.

**John DRISCOLL and Mary Driscoll.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1982.

Filed Nov. 18, 1983.

240

F. Laubner, Allentown, for appellant.

Malcolm J. Gross, Allentown, for appellees.

Before BROSKY, McEWEN and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Lehigh County, Civil Division, and involves plaintiff-appellant's appeal of an order of court which dismissed her Complaint in Equity. The Chancellor's decision was affirmed by the Court en banc after which plaintiff took this appeal.

Plaintiff and defendants were owners of adjoining parcels of real estate in the City of Allentown. Each party owned one-half of a double home located adjacent to one another. The double home was constructed during the 1930's and contains a party wall separating the two homes together with rear porches which were separated by a cinder block wall. Having made plans to enclose their rear porch for energy conservation purposes, the defendants obtained the requisite building permit from the City of Allentown. The building permit required defendants to use a fire wall for that portion of the enclosure separating their property from that of the plaintiff. Two courses of decayed cinder block in the cinder block wall also had to be replaced. The fire wall between the properties was constructed by erecting it upon the cinder block wall which had previously existed between the rear porches. The work had commenced on August 30, 1979.

On September 6, 1979 plaintiff wrote a letter to a local newspaper complaining about the appearance of defendants' work. On September 25, 1979 plaintiff's attorney wrote to defendant complaining of their actions. By this

time work on the wall had been completed. On October 30, 1979, the plaintiff filed her Complaint in Equity against the defendants alleging that the new fire wall encroached several inches onto her property and requesting the court to order the defendants to refrain from entering onto her property, to remove the wall, and, to enjoin defendants from interfering in any way with the plaintiffs' use and occupancy of her property. After the defendants filed a timely Answer and New Matter to the Complaint and the plaintiff filed a Reply, the matter was heard by the court below on April 23, 1980. The hearing included a visit to the premises of the parties' by the Chancellor. Both parties agreed to the visit.

The Chancellor found that the defendant, John Driscoll, had discussed his plans with plaintiff's son prior to commencing the work. Plaintiff's son had owned plaintiff's property from 1972 until 1976 when he conveyed it to plaintiff. Defendants did not know that he was not the present owner. The plaintiff's son resided in plaintiff's home with her. The Chancellor also found that although defendants did remove a wooden frame or lip attached to the old cinder block wall which had provided support for a door of plaintiff's covering the steps at the rear exterior entrance to her basement, that defendant John Driscoll had obtained the approval of plaintiff's son to do so. He also found that plaintiff's son then extended plaintiff's rear porch and constructed a cover and locking door at the rear exterior entrance to her basement and same were secured by attaching them to defendants' concrete block wall. The Chancellor also held that the outer edge of defendants' new fire wall extended onto plaintiff's property for a distance of two inches on a skew approximately twelve (12) feet long from a point at the rear wall of plaintiff's dwelling to another point on the property line. The construction was in conformity with all City Codes. The Chancellor then went on to find that defendants' encroachment of a width of two (2) inches for twelve (12) feet constituted a "de minimus" or trivial one, applied the principal of "De minimus non curat

Lex" to the case, and dismissed the plaintiff's complaint. Plaintiff appealed.

Plaintiff contends that she suffered real damages as a result of defendants' encroachment. She argues that she had never received water in her basement prior to defendants' work but that now, after a heavy rainfall, her basement becomes saturated with water. She attributes this condition to the defendants' work. She also claims that she is less secure in her home now because her new rear cellar door is not as good as the old one. With regard to plaintiff's first claim the Chancellor visited the premises and held that the evidence presented by her was insufficient to establish a nexus between her water problem and the defendants' work. Our review of the record reveals that plaintiff did testify that she had not experienced the water problems she described prior to defendants' work. It also reveals that she testified that defendant had changed the location of a drain pipe during the construction he undertook. However, no where is it established how any of this resulted in her water problems. In equity matters the scope of review for any appellate court is limited in that the Chancellor's findings of fact which are confirmed by a court en banc are binding on appeal if supported by substantial evidence. *Curtis v. Redevelopment Authority of Philadelphia*, 482 Pa. 58, 393 A.2d 377 (1978). Nor is a Chancellor bound to accept the testimony of witnesses as true, even though it is uncontradicted. *Sweigart v. Burkholder*, 154 Pa.Superior Ct. 424, 36 A.2d 181 (1944). In our case the Chancellor accepted the plaintiff's assertions that she received water in her cellar in October of 1979 after defendants' had completed their work. We cannot, however, hold that the Chancellor was bound to accept plaintiff's assertions to the effect that defendants' actions caused her water problems particularly in light of her failure at trial to demonstrate exactly what defendant did to cause such problems.

The heart of the instant action concerns the application of the doctrine of "de minimus" to this case. The

doctrine is set forth in the maxim, "de minimus non curat lex" which means that the law will not concern itself with trifles. More specifically it means that a court will not grant equitable relief to a plaintiff who seeks a decree which will do him no good but which will work a hardship on another. *Bristol-Myers Co. v. Lit Brothers, Inc.* 336 Pa. 81, 6 A.2d 843 (1939). As discussed above, the court found no nexus between the plaintiff's water problems and the defendant's fire wall. Thus, the removal of the fire wall from the two inches of plaintiff's property will not correct her water problem. Nor will the removal of the wall improve her security as the plaintiff's son has constructed a new cellar door in place of the old one. Thus, the only benefit to be gained by the plaintiff is to preserve her exclusivity to her two inches of property by forcing defendant to remove the fire wall from its present location. The City Codes of Allentown require the construction of a fire wall in such circumstances to protect property owners on both sides of the wall from a potential fire on the other side. Thus, we find that the court below did not commit reversible error when it weighed the equities involved in the case and decided that the removal or relocation of the wall (if that was possible) would do plaintiff no good and would work a hardship on another. The new wall replaced an old wall that had always been there. The new wall protects plaintiff, as well as, defendants. Such a wall was required by the City. Under these circumstances we find that the Chancellor did not err when he ruled that a two inch encroachment for a distance of twelve feet was subject to the "de minimus" maxim. Because of our disposition of this case we need not consider plaintiff's other allegations of error.

Order affirmed.

BROSKY, J., files a dissenting opinion.

BROSKY, Judge, dissenting:

I respectfully dissent. The majority opinion would make the equitable principle of *de minimis* applicable to cases in

trespass *quare clausum fregit.* This is, in my view, contrary to the established law in Pennsylvania. Further, it violates several critical policy considerations. I would reverse the order of the court below and order the wall removed from appellant's land within a specified period of time.

The law in Pennsylvania on this subject dates back to the last century. In *Pile v. Pedrick,* 167 Pa. 296, 31 A. 646 (1895), the Supreme Court of this Commonwealth had before it a case legally identical to the one before us. There a wall was erected which encroached 1⅜ inches[1] onto the property of the adjoining landowner. In relevant part the opinion of the court states:

> For one inch and three eighths the ends of the stones in the wall are said to project beyond the division line. The defendants have no right at law or in equity to occupy land that does not belong to them and we do not see how the court below could have done otherwise than recognize and act upon this principle. They must remove their wall so that it shall be upon their land.

Id., 167 Pa. at 300–1, 31 A. at 647.

In *Pile* there is no suggestion of any doubt as to the result. Nor should there have been. This was in the face of an argument made by appellant that the wall should have been left as it was—for its removal would work a greater injury than damages at law.

While I believe that *Pile* governs the case before us, thus removing from this court's appraisal of its wisdom—I will briefly explore some of the other authority for this result and its underlying rationale.

Dean Prosser, perhaps the foremost authority on torts in twentieth century America, quoted in his hornbook the following statement. "... the common law, in considering liability for intrusions upon realty could not undertake to discriminate between the much and the little." Prosser, LAW OF TORTS, 4th ed., (1971) at p. 63.

1. I note that the encroachment in the instant case was two inches.

As in *Pile* this has been found to be the rule even where little or no damage was suffered. The paucity of damage was held to be an insufficient reason to deny a mandatory injunction. *Blood v. Cohen*, 330 Mass. 385, 113 N.E.2d ˍ48 (1953). This rule was also not voided by the fact that the expense to defendant in removing the trespassing object would be disproportionate to the damage to the plaintiff. *Lizzo v. Drukas*, 333 Mass. 242, 129 N.E.2d 892 (1955). See also *Geragosian v. Union Realty Co.*, 289 Mass. 104, 193 N.E. 726 (1935).

In another case directly on point, the Supreme Court of our sister state, Arkansas, has held that the *de minimis* principle has no application to an encroachment caused by a brick wall leaning over a property line. *Fulks v. Fredeman*, 224 Ark. 413, 273 S.W.2d 528 (1954).

* * *

Five distinct and independently adequate policy considerations support this line of thinking.

First, it has a preventive function. Acting against such unauthorized, (albeit spatially minimal), trespasses deters their future occurrence elsewhere. An unenforceable right soon ceases to be a right in any real-world sense. *See generally*, Morris, Punitive Damages in Tort Cases, 44 Harv.L.Rev. 1173 (1931).

Second, it promotes the lawful resolution of disputes by providing for appropriate economic reparations to the injured party—and, where economic reparation is insufficient, it affords the plaintiff the emotionally vital sense of vindication.

Third, it can be used to settle boundary disputes. See *Pfeiffer v. Grossman*, 15 Ill. 53 (1853) and *Bragg v. Laraway*, 65 Vt. 673, 27 A. 492 (1893).

Fourth, it prevents the defendant from unjustly benefiting at the expense of plaintiff. Justice requires no less, for the illegal appropriation of realty cannot be rewarded in a society that operates under the rule of law. *J.H. Leavenworth & Sons v. Hunter*, 150 Miss. 245, 116 So. 593 (1928).

Thus, the plaintiff is left in at least as good a position as he was before the trespass.

Fifth, this rule provides an avenue through which an easement by prescription can be terminated. *Pagenstecher v. Biasiolli,* 267 S.W.2d 576 (Tex.Civ.App., 1954).

I reject the majority's disposition of this case for these policy reasons. Case law in other jurisdictions supports this result. More importantly, governing case law in this jurisdiction *compels* this result.

I dissent.