J. A20031/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAMELA KOCH T/D/B/A | : | IN THE SUPERIOR COURT OF |
| STARVING MARVIN TACK STORE, | : | PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 53 MDA 2017 |
| | : | |
| DEBORAH ANONIE | : | |

Appeal from the Judgment Entered January 17, 2017,
in the Court of Common Pleas of Lycoming County
Civil Division at No. 16-0199

BEFORE:  GANTMAN, P.J., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED JANUARY 23, 2018**

Pamela Koch t/d/b/a Starving Marvin Tack Store ("appellant") appeals from the January 17, 2017 judgment, entered in favor of Deborah Anonie ("appellee") and against appellant that denied removal of the encroachment and ordered appellee to direct the runoff of water away from the boundary line and onto appellee's property and ordered appellee to stabilize an embankment to prevent rocks and debris from falling.[1]  After careful review, we affirm.

---

[1] In the November 3, 2016 order, the Court of Common Pleas of Lycoming County ordered and directed the boundary line between the parties' properties to be that shown on the March 2, 2016 survey prepared by Daniel A. Vassallo.  The trial court also ordered that appellant shall have a perpetual easement for the unlimited right to park in the first five parking spaces from the left side of the motel as one faces the motel and shall be granted the unlimited right to park along the arc in front of the motel and

The trial court made the following relevant findings of fact and conclusions of law:

1. In October of 2015, [appellee] sold property[2] to [appellant].

2. The property is adjacent to [appellant's] property.

3. [Appellee] acquired [appellant's] property and her own adjacent property at the same time.

4. The motel existed prior to [appellee's] acquiring the properties and is estimated to have been there since the 1970s.

5. Prior to the sale from [appellee] to [appellant], [appellant] rented the property for over a year and [a] half and ran two stores on it.

6. No survey was done prior to the sale.

7. A survey dated March 2, 2016 by Daniel A. Vassallo shows the boundary line between the [appellant] and [appellee's] property.

8. The survey revealed that [appellee's] motel encroached on [appellant's] land at 9.3', 11.9', and 9.9' adjacent to a drop-off at the edge of [appellant's] property.

9. Neither party was aware of the encroachment prior to the March 2, 2016 survey.

---

ordered appellant to have the right to utilize the existing signage located on Parcel 60-4-112 facing Route 220. The trial court also granted appellant a right-of-way behind the rear of the motel for maintaining a propane tank located on Parcel 60-4-111, subject, however, to appellant's obligation to repair any damage caused by appellant's use of said right-of-way.

2 The property was located at 5828 State Route 220 HWY, Linden, Pennsylvania 17744, in the municipality of Woodward in Lycoming County.

10. The boundary line provided a windfall to [appellant] as it was not known or considered when setting the price for the property.

11. Had [appellee] been aware of the boundary line, [appellee] would have required additional money for the purchase of the property.

12. The motel is and was open, visible, permanent and continuous at the time [appellant] purchased her property.

13. The topography surrounding the encroachment by the building renders the area of the encroachment essentially useless to [appellant].

14. Customers have access to [appellant's] buildings.

15. [Appellant] is not harmed by the encroachment.

16. Encroachment was not willful.

17. [Appellee] operates a motel/efficiency rental business on her property and receives income from rental of the efficiency unit that is within the portion of the building that encroaches on [appellant's] land.

18. [Appellee] would be irreparably harmed by removing encroachment of the building.

19. [Appellee] repaired a leaking roof on the encroaching motel for the efficiency unit despite knowledge of the encroachment.

20. Water flows from the motel onto [appellant's] property, creating a concern for [appellant] as to the stability of the embankment.

21. Removal of the building would cause irreparable harm to [appellee].

**CONCLUSIONS OF LAW**

22. The encroachment is "de minimis" in light of the circumstances and equities of this case.

23. Equitable considerations in light of the "de minimis" rule weigh against requiring removal of the encroachment.

24. Equity and due care require [appellee] to direct the runoff water away from the boundary line and require [appellee] to stabilize the embankment.

25. The encroachment is an implied easement from prior use.

26. The existence of an implied easement from prior use weighs against requiring the removal of the encroachment.

27. [Appellant] is not harmed by the encroachment.

28. [Appellee] would be irreparably harmed by removing encroachment of the building.

Trial court opinion, 10/11/16 at 1-3 (citation to record omitted).

On October 20, 2016, appellant moved for post-trial relief. The trial court denied the motion on December 14, 2016. Appellant filed a notice of appeal on January 9, 2017. On January 10, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant complied with the order on January 19, 2017. On March 3, 2017, the trial court, pursuant to Pa.R.A.P. 1925(a), stated that its opinion and verdict of October 11, 2016,

and its opinion and order of December 13, 2016, provided the reasoning of the court with respect to the errors complained of on appeal.

Appellant raises the following issues for this court's review:

1. Was there insufficient evidence or error of law in the trial court's determination that the encroachment was "de minimis" and therefore acceptable?

2. Was there insufficient evidence or error of law in the trial court's determination that the encroachment was an "apparent easement" and therefore acceptable?

3. Was there insufficient evidence or error [of] law in the trial court's decision to replace "removal" with a direction to stabilize and plan stormwater management for the edge of the encroachment?

Appellant's brief at 3.

Appellate review of equity matters, including injunction proceedings, is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Robbins v. Kristofic*, 643 A.2d 1079, 1082 (Pa.Super. 1994), *allocatur denied*, 651 A.2d 541 (Pa. 1994).

Initially, appellant contends that there was insufficient evidence and/or the commission of an error of law in finding the encroachment to be "*de minimis*." Appellant argues that the trial court's determination that she was not harmed by the encroachment is in error because she pays taxes on land, which she cannot use, and the encroachment causes erosion and storm water problems on her property.

Appellant described some photographs at trial as follows:

> You can tell where the bank is and the erosion, where the spouting came down and that the bank is really steep and it's all dirt and everything and it was erosion [sic] into the warehouse at the time. And you can see where she added a roof on not long ago and that was on the part this encroachment.

Notes of testimony, 9/28/16 at 12. Concerning another photograph, appellant remarked,

> Yes, this shows where at the time she had the roof being built and it has a steep bank. And it shows where the dirt – you can see on the right side towards the warehouse where it's all fresh dirt coming down in the water easing into the warehouse.

*Id.* Appellant explained that the embankment eroded every time it rained. (*Id.* at 14.) Appellant also worried that blocks that hold up the portion of the motel that encroaches on her property would come down and bring the motel with it. (*Id.* at 14-15.) However, on cross-examination, appellant admitted that she had no idea how close the drop-off was to the motel building itself. (*Id.* at 21.)

In *Yeakel v. Driscoll*, 467 A.2d 1342 (Pa.Super. 1983), this court explained the *de minimis* doctrine in a case where a recently constructed fire-wall between two pieces of property extended two inches over the actual property line:

> The heart of the instant action concerns the application of the doctrine of "de minimus" to this case. The doctrine is set forth in the maxim, "de minimus non curat lex" which means that the

law will not concern itself with trifles. More specifically it means that a court will not grant equitable relief to a plaintiff who seeks a decree which will do him no good but which will work a hardship on another. ***Bristol-Myers Co. v. Lit Brothers, Inc.***, 336 Pa. 81, 6 A.2d 843 (1939). As discussed above, the court found no nexus between the plaintiff's water problems and the defendant's fire wall. Thus, the removal of the fire wall from the two inches of plaintiff's property will not correct her water problem. Nor will the removal of the wall improve her security as the plaintiff's son has constructed a new cellar door in place of the old one. Thus, the only benefit to be gained by the plaintiff is to preserve her exclusivity to her two inches of property by forcing defendant to remove the fire wall from its present location. The City Codes of Allentown require the construction of a fire wall in such circumstances to protect property owners on both sides of the wall from a potential fire on the other side. Thus, we find that the court below did not commit reversible error when it weighed the equities involved in the case and decided that the removal or relocation of the wall (if that was possible) would do plaintiff no good and would work a hardship on another. The new wall replaced an old wall that had always been there. The new wall protects plaintiff, as well as[] defendants. Such a wall was required by the City. Under these circumstances we find that the Chancellor did not err when he ruled that a two inch encroachment for a distance of twelve feet was subject to the "de minimus" maxim. Because of our disposition of this case we need not consider plaintiff's other allegations of error.

***Yeakel***, 467 A.2d at 1344.

Here, the record reflects that the alleged encroachment caused some harm to appellant, and the trial court sitting in equity granted her relief by requiring appellee to correct the water runoff and erosion issue. However,

appellee testified that the room of the motel that encroaches on appellant's property was her "number one" efficiency room for which she charged $800 per month. (Notes of testimony, 9/28/16 at 25-26.) While there is evidence that the encroachment harms appellant by way of some erosion and water runoff onto her property, the loss of a potential $800 per month of rental income would cause great harm to appellee. The trial court did not err or abuse its discretion when it determined that the encroachment was *de minimis* and granted appellant relief on the erosion issue.[3]

Appellant next contends that there was insufficient evidence and/or an error of law when the trial court found that the encroachment was an implied easement. Appellant asserts that all decisions that affirmed an implied easement have interpreted an "open and visible" requirement to mean visible and recognizable as an easement such as a lane of traffic or a sewer line with visible manhole covers. (Appellant's brief at 13.)

---

[3] As part of this argument, appellant asserts that the trial court's Findings of Fact 16 and 18 are unsupported by any evidence in the record. Finding of Fact 16 states that the encroachment was not willful. Appellee testified that she had no knowledge of any alleged encroachment before the commencement of this action. (Notes of testimony, 9/28/16 at 31-32.) This statement supports that the encroachment was not willful. Further, appellee was the owner of both parcels of land prior to the sale to appellant.

With respect to Finding of Fact 18, which states that appellee would be irreparably harmed by the removal of the encroachment of the building, we have already addressed her loss of income, which would be a significant loss.

The record reflects that appellee owned both properties for approximately 30 years and that there had been no additions to the motel during that time. (Notes of testimony, 9/28/16 at 24.) Therefore, the encroaching portion of the motel had existed in its current location for approximately 30 years before appellant filed her complaint. Appellant rented the property for approximately one and one-half years before purchasing it. (*Id.* at 17.) Nothing in the record suggests that appellee concealed the presence of the encroachment.

In *Bucciarelli v. DeLisa*, 691 A.2d 446 (Pa. 1997), the Pennsylvania Supreme Court addressed the issue of an implied easement and laid out the traditional test for an implied easement at severance of title:

> [W]here an owner of land subjects part of it to an open, visible, permanent and continuous servitude or easement in favor of another part and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be, and this irrespective of whether or not the easement constituted a necessary right of way.

*Id.* at 449, quoting *Burns Manufacturing v. Boehm*, 356 A.2d 763, 767 (Pa. 1976).

Here, the portion of the motel that encroached on appellant's property was open, visible, permanent, and continuous for at least 30 years. Appellee owned both parcels and sold one to appellant. The trial court found that appellee severed her property to sell part of it to appellant. The trial court further concluded, "[t]he reasonable inference is that the parties

intended the motel to continue in existence after the sale, particularly because neither party was aware of the encroachment. As such, the Court concludes that [appellant] purchased the property subject to the encroachment." (Opinion and verdict, 10/12/16 at 5.)

Although appellant is correct that the cases tend to involve roads or sewer lines, she cites no case law to indicate that the portion of the motel could not fall into the same category as an implied easement. When appellant purchased the property, she did not expect that she would own the property where the motel encroaches because neither party knew the correct boundary line. Given the continuous use of the motel, this court finds no error or abuse of discretion on the part of the trial court.

Next, appellant contends that the trial court's conclusion that the offending destabilization, effects of erosion, and storm water trespass could be cured without removal of the encroaching structure was without any evidence to support it and was error. (Appellant's brief at 14.) Appellant acknowledges that the trial court realized that there was an erosion and storm water management problem when it ordered appellee to direct runoff water away from the boundary line and onto appellee's land and to stabilize the embankment to prevent rocks and debris from falling. However, appellant contends that the court erred when it did not order the requested removal of the encroaching portion of the motel and return control of that land to appellant.

When considering a mandatory injunction to remove a portion of a building, a court must consider the equities of the whole case. In cases involving requests for mandatory injunctions, a court of equity will deny a request for the removal of a building or structure extending over a boundary line by a minimal distance and encroaching upon adjoining realty, where the expense, difficulty, and hardship of removal of the building would place a disproportionate burden on the owner of the encroaching structure. ***Tioga Coal Co. v. Supermarkets General Corp.***, 589 A.2d 242, 245 (Pa.Super. 1991).

Here, there was no allegation that the encroachment was tortious or in bad faith. Appellant testified that storm water was washing "fresh" dirt onto her property from the embankment near the encroachment. (Notes of testimony, 9/28/16 at 12.) She also testified that she was concerned that the blocks upon which the encroaching structure was placed would give way and at some time in the future would fall onto her property. (***Id.*** at 14-15.) The trial court balanced the harm that has been visited upon appellant versus the harm that appellee would suffer, if the encroaching structure was removed. Appellant has not incurred much in the way of damages. It is also speculative to consider what might or might not happen with the blocks in the future. On the other hand, appellee would definitely suffer a loss of income, if she lost the opportunity to rent the room that is contained in the encroaching structure. Upon review, we find that the trial court did not

J. A20031/17

commit an error of law or an abuse of discretion when it ordered appellee to direct the runoff water away from the boundary line and onto appellee's property and to stabilize the embankment to prevent rocks and debris from falling.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2018

- 12 -